# BOYD & WALK v. MARTIN & BOLLING.

1. Upon a bond executed to several, with condition to pay them such costs and damages as they might sustain by the wrongful suing out of an attachment, a joint action may be maintained, though the attachment was levied on the separate property of each, in which they have not a joint interest.

Error to the Circuit Court of Sumter.

Debt, by the plaintiff in error, on a bond executed by the defendants, to the plaintiffs, in the penal sum of $18,200, with condition to prosecute an attachment sued out by Martin, against the estate of the plaintiffs, and to pay them all such costs, and damages, as they might sustain by the wrongful, or vexatious suing out such attachment.

The plaintiffs declare upon the penalty, and assign several breaches. The defendants filed seven pleas, the last of which only need be noticed, and is as follows:

Boyd & Walk v. Martin & Bolling.

And said defendants, for further plea in this behalf *actio non*, *&c.* because they say the said plaintiffs had no joint interest in the property levied upon by the sheriff, and described in the plaintiff's declaration, and sustained no joint injury, by the supposed wrongful or vexatious suing out of said attachment, and were not jointly injured, by any of the wrongs alledged in said declaration, *&c.*

To this plea the plaintiffs demurred, and his demurrer was overruled by the court, and declining to plead over, the court rendered judgment for the defendants, which is the matter assigned for error in this court.

R. H. SMITH, for plaintiffs in error, cited Brown on Actions, 87, 90; 1 Chitty's Pl. 7 Am. from 6 London ed. 2, 3, 4, 10, 11.

The plea is frivolous, it does not answer the complaint.

LYON and HAIR, contra.

ORMOND, J.—The question presented by the demurrer to the plea is, whether the plaintiffs can maintain a joint action upon the bond, the attachment having been levied on the separate property of each, in which they had not a joint interest.

The general rule in regard to contracts, as laid down in all the books, is, that where the legal interest, and the damages resulting from a breach of the contract is joint, the contractees must all join in an action thereon, although the contract be in terms joint and several. [Eccleston v. Clipsham, 1 Saund. 153, in note; Brown on Actions at Law, 116; 1 Chitty's P. 2, 11.] But if it appears from the deed, that the interest is several, although the covenant is in terms joint, the action must be several. [Note to case cited, 1 Saund. 153.]

We think it perfectly clear, that it appears from the bond, that the interest in the damages is joint. The writ of attachment authorized a levy upon the property of both, or either of the defendants, and as it could not be known in advance in what manner the attachment would be levied, the covenant was very properly entered into with both jointly. There is nothing in the statute requiring these bonds to be given, forbidding this conclusion. All the defendants, where

there are more than one, are equally liable to the plaintiff, and equally exposed to the burden of defending the suit, and for this purpose, must be considered· as but one person in legal estimation.

The case of Gayle v. Martin, 3 Ala. 593, goes the full length of establishing the doctrine here maintained, and indeed goes beyond it, as it was there held, that a bond to a number of obligees, conditioned to pay several and distinct judgments in favor of each, must be sued in the name of all, as the legal title was vested in all. How the damages are to be divided between the plaintiffs, is a matter with which the defendants have no concern, as they will be protected by this recovery from another action, by both, or either.

The remark made in Hill & Rushing v. Wood, 4 Ala. 214, that a suit upon an attachment bond is to be goveᴍued in all respects by the rules applicable to the action on the case, has no application here. All that is meant by that observation is, that the surety upon the bond is responsible, precisely as his principal was, in an action on the case, previously to the change of the law, requiring a suit against the principal, before an action could be brought against the surety on the bond.

Let the judgment be reversed and the cause remanded.