## SKINNER vs. BEDELL'S ADM'R.

[ACTION FOR BREACH OF TITLE-BOND.]

1. *Assignment of penal bond.*—Under the Code, (§ 1530,) as under the previous law, a penal bond may be so assigned as to invest the assignee with the legal title ; but one of two joint assignees, not being partners, cannot, by his separate assignment, transfer to another the legal title to his moiety ; and on the death of one of two joint assignees, the entire legal title vests in the other.

2. *Who is proper party plaintiff.*—Where a penal bond is conditioned for the performance of some act or duty, (as to make title to the purchaser of land,) or, in default thereof, for the refunding of money, the persons really interested may, (Code, § 2129,) though they have not the legal title, maintain an action for the failure to refund the money, but not for the non-performance of the specified act or duty.

3. *Time of performance of contract.*—When no time is specified for the performance of a contract, by which the vendor bound himself "to make titles thereto provided he received or could get them," or, in default thereof, to refund the purchase-money, the presumption is, that the parties intended it to be performed within a reasonable time ; and sixteen years is, *prima facie,* a reasonable time.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by the administrator of David Skinner, deceased, and the administratrix of Francis Gibbs, deceased, against the administrator of Joseph R. Bedell, deceased; and the complaint, as amended, was as follows :

"The plaintiffs, John Skinner," &c., (describing them,) "claim of the defendant," &c., (describing him,) "the sum of $5,000, with interest thereon, for the breaches of the condition of a bond, made by said Joseph R. Bedell, on the 10th of August, 1837, payable to one English Brewer, in the sum of $5,000, with condition to make good and lawful titles to the said Brewer, his heirs or assigns, to the west half of section 23, township 19, range 26, situated in Macon county, provided he received them, and if not, he was to assign over to them the approved

Skinner v. Bedell's Adm'r.

contract, and if so that title could not be got by said
Bedell, then he was to refund the purchase-money, with
interest, which sum was $2,500,—one-half being paid on
the first day of January, 1838, and the other half on the
first day of January, 1839. Said bond was assigned by
said Brewer, in writing, to said David Skinner and one
David Burks; and the said David Burks assigned his in-
terest in said bond, in writing, to said Francis Gibbs; and
said plaintiffs, administrators as aforesaid, are now the
legal and beneficial owners of said bond. And plaintiffs
say, that the condition of said bond has been broken by
said Joseph R. Bedell in his lifetime, and by said defend-
ant since the death of said Bedell, in this:

"1. That said Bedell did not, on the 1st January, 1839,
or at any other time during his lifetime, nor the said de-
fendant since the death of said Bedell, make, or offer to
make, or cause to be made, to the said English Brewer,
or to any of the holders or assignees of said bond, nor
their heirs or administrators, any title whatever to said
land; ['that since the death of said Bedell, to-wit, on the
1st September, 1852, the then administrator of his estate
was called upon by plaintiffs, and requested to make titles
to said lands in said condition mentioned; that said ad-
ministrator then and there returned for answer, that his
intestate had been unable to procure a title to said lands,
that he had no title thereto, and that it was unnecessary
to make or tender to him a deed to be executed;'] nor
assigned the approved contract to any of the parties above
named who were entitled to it; ['which approved contract
was, by the said condition, to be assigned to the proper
owner of said title-bond, when (and only when) all diffi-
culties in the way of the issue of the patent upon said
approved contract had been obviated; and plaintiffs say,
that said difficulties have not been obviated, but still ex-
ist;'] nor has *not* refunded said $2,500, or any part
thereof.

"2. That said Bedell during his lifetime, and said de-
fendant since his death, have not got, and have not been
able to get, titles to said lands, but have been, and still
are, unable to make any titles to said lands, in accordance

with the condition of said bond; nor did said Bedell in his lifetime, or said defendant since his death, ever refund said purchase-money with interest.

"3. That said Bedell, on said 1st January, 1839, or at any other time before or since during his lifetime, nor said defendant since his death, as his administrator, has had any titles to said lands, nor been able to make any titles thereto, according to the condition of said bond; nor have they, or either of them, refunded said sum of $2,500, or any part thereof; nor have they assigned said approved contract; all which they have been requested to do, but have neglected and refused to do so, to plaintiffs' damage as above stated."

The defendant demurred to this complaint, on the following grounds: "1st, because the suit is brought in the joint names of John Skinner, as the administrator of David Skinner, and Elizabeth A. Gibbs, as the administratrix of Francis Gibbs; 2d, because the complaint is in the joint names of the representatives of the assignees of the bond, and not in the separate name of either of said representatives; 3d, because the complaint shows that David Burks, one of the joint assignees of said bond from English Brewer, assigned his interest therein to Francis Gibbs; 4th, because said complaint does not show that the assignment of said bond by said Burks to Gibbs was in writing, and endorsed on said bond; 5th, because the complaint does not show that the assignment of said bond by Brewer to Skinner and Burks was in writing; 6th, because said complaint does not aver that Brewer, or any of the assignees of said bond, or any representative of either of said assignees, ever made any demand of said intestate, or of his representative, for titles to said land, nor aver any excuse for their failure to make such demand; 7th, because it is not averred that Brewer, or either of the assignees of said bond, or either of their representatives, ever tendered a deed to the said Bedell or his representatives to be executed, nor is there any averment excusing their failure to make such tender; 8th, because it is not averred that said Bedell never received the title for said lands; 9th, because it is not averred that said Bedell re-

ceived the title to said lands, and that he or his represent-
atives failed or refused to execute the same to said Brewer
or his assignees, or to any of their representatives, upon
demand made for that purpose by him or them, or by
either of them; 10th, because it is not averred that said
intestate did not receive the titles, and then failed or re-
fused to assign the approved contract; 11th, because it is
not averred that said Bedell did not receive the titles to
said lands, and could not get the titles to the same, and
that neither he nor his representatives assigned the ap-
proved contract; and, 12th, because it is not averred that
any demand was made of said Bedell for the assignment
of said approved contract."

The court sustained the demurrer to the complaint, and
its ruling is now assigned as error.

GEO. W. GUNN, for the appellant.
ELMORE & YANCEY, contra.

WALKER, J.—English Brewer was the obligee of the
bond sued upon, and assigned it to David Skinner and
David Burks. David Burks assigned his interest to
Francis A. Gibbs. Skinner and Gibbs both died before
the commencement of the suit, and the administrators of
the two are joined as plaintiffs. The question is, was the
suit maintainable by the plaintiffs who brought the same.

By the Code, as well as by the pre-existing law in this
State, the bond sued upon was capable of assignment, so
as to invest the assignees with the legal title.—Code,
§ 1530; Clay's Digest, 383, § 12; Brown v. Chambers,
12 Ala. 697. But the plaintiffs in this case have not the
legal title to the bond, for two reasons: first, because the
right of action would be in the representative of the sur-
vivor of the assignees, if there had been a regular assign-
ment of the legal title to the two; and secondly, because
one joint assignee, there being no relation of partnership,
cannot, by his separate act, transfer the legal title to his
moiety.—Beebee v. Brewer, Minor, 364; Callison v. Little,
2 Porter, 89; Boyd v. Martin, 10 Ala. 700; Gayle v.
Martin, 3 Ala. 593; 1 Chitty on Pleadings, 19; Bayley on

Bills, 51; Smith v. Whiting, 9 Mass. 334; Story on Promissory Notes, § 125; Carvick v. Vickery, Douglass' Rep. 31, app. It follows that this action cannot be maintained, unless it be under some statute.

Section 2129 of the Code requires actions on promissory notes, bonds, or other contracts, express or implied, *for the payment of money*, to be brought in the name of the party really interested, whether he have the legal title or not. This section limits its operation to contracts "*for the payment of money*." A penal bond, conditioned to be void if the obligor shall perform a certain act, or discharge a certain duty, is not a contract for the payment of money. It is a contract for the performance of an act or duty, and the measure of an actual recovery upon it is the damages sustained by the non-performance of the act or duty. The condition of the bond was, that the obligor "should make *title* to the land, provided he received *them*, and if not, he was to assign over the approved contract, and if so that *title* could not be got by the obligor, he was to refund the purchase-money." So far as this contract imposed an obligation to make titles to the land, or to assign over the approved contract, it was a contract *for the performance of an act*, not a contract *for the payment of money*, and, therefore, not susceptible of suit in the name of one destitute of the legal title. To the extent to which the complaint counts upon a failure to make title, or to assign over the approved contract, it was therefore bad on demurrer.

But it is also alleged in the complaint, that the obligor in his lifetime did not get, and was not able to get, titles to the land; and that his representative since his death has not got, and has been unable to get, titles to the land; and that the deceased in his lifetime had no title, and was unable to make title; and that the administrator, since his death, had no title, and was unable to make title. Although no time is stipulated by which the purchase-money was to be refunded if titles could not be got, yet we are to imply that it was to be done in a reasonble time. Dickson v. Briggs, 12 Ala. 217. And as the complaint shows that a reasonable time had expired, and that title

had not been got, up to the commencement of the suit, and that the purchase-money was not refunded, a suable breach of the bond is alleged. The bond is dated in August, 1837, which the record discloses must have been about 16 years before the commencement of the suit. We must intend that sixteen years was, *prima facie*, a reasonable time within which to get the titles.—Garnett v. Yoe, 17 Ala. 74; Allen v. Green, 19 Ala. 34. If there exist circumstances proving that it was not a reasonable time, and titles can in fact yet be got, it will be appropriate matter for a plea.

In the contingency that the title could not be got, the contract of the obligor was to pay money. The complaint shows the existence of that fact upon which the contract became an obligation to refund the purchase-money. So far as the complaint relies upon the failure to pay the purchase-money, because the titles could not be got, the plaintiffs are in a situation to maintain the suit, although they are without the legal title. Where a chose in action has been assigned to two, both of whom are dead, the real interest is not in the representative of the survivor alone, but in the representatives of both the assignees. For these reasons we hold, that the action was properly brought, for the recovery of the purchase-money and interest, in the names of the two plaintiffs jointly.

The court erred in sustaining the demurrer to the entire declaration; and for that error, the judgment of the court below is reversed, and the cause remanded.

Rice, C. J. not sitting.