Miller v. Garrett.

MILLER *vs.* GARRETT.

[ACTION ON DETINUE BOND.]

1. *Who are proper parties plaintiff.*—In an action on a penal bond, all the obligees who have sustained injuries are proper parties plaintiff, notwithstanding they may have severally sustained distinct injuries ; and if two of them are husband and wife, the wife may be joined with her husband.

2. *When damages accrue.*—Under a complaint properly framed, in an action on a detinue bond, a recovery may be had for costs and expenses for which a liability has been incurred, although they have not been actually paid.

3. *Costs as damages.*—The condition of a detinue bond being to pay such costs and damages as the defendant might sustain, and the detinue suit having been dismissed at the costs of the plaintiff therein, the plaintiff's costs con-

stitute no part of the damages sustained by the defendant, and, consequently, cannot be recovered in an action on the bond.

4. *Charge requiring explanation.*—A charge which requires explanation, to prevent it from confusing the jury, may for that reason be refused.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THIS action was brought by William J. Garrett, Caswell Garrett, and Charity Garrett, wife of the said Caswell, against Joseph M. Miller, W. R. R. Wyatt, B. F. Davis, and Franklin Burbridge, and was founded on a detinue bond, which was in the following words :

"Know all men, by these presents, that we, Joseph M. Miller, and W. R. R. Wyatt, B. F. Davis, and F. Burbridge, are held and firmly bound unto Charity Garrett, Caswell Garrett and William J. Garrett, in the sum of $1600 ; for the payment of which, we bind ourselves, heirs, executors and assigns ; dated and sealed this 23d November, 1856.   The condition of the above obligation is such, that whereas the above-bound Joseph M. Miller and Ann C. Miller, his wife, Hammond H. Howard and Mary, his wife, —— Spear and Elizabeth, his wife, and Mary Ann W. Tompkins, by her next friend, Joseph M. Miller, have brought suit in the circuit court of Lowndes county, at its spring term, 1857, against the said Charity Garrett, Caswell Garrett, and William J. Garrett, for the recovery of a negro girl slave, named Rena :   Now, if the said plaintiffs fail in their said suit, and do pay to the said defendants all such costs and damages as they (the said defendants) may sustain by the wrongful complaint of the plaintiffs, then this obligation to be void," &c.

The complaint alleged the following breaches : " *First*, That the plaintiffs in the said detinue bond failed in their said suit, and the same was dismissed at the spring term of said circuit court, 1857 ; and that the complaint of the plaintiffs in said suit was wrongful ; and that the plaintiffs in this action sustained costs and damages by the wrongful complaint aforesaid, to a large sum, to-wit, the sum of $1600 ; of all which the defendants had notice ; which said sums, or any part thereof, the said defendants have

wholly failed and refused to pay, and still do fail and re-fuse, though often requested so to do. *Second,* That the plaintiffs in said detinue suit failed in their said suit, and the same was dismissed at the spring term of said court, 1857; and that the complaint of the said plaintiffs in said detinue suit was wrongful; and that the defendants were compelled and did employ counsel in the defense of said suit; and that said counsel rendered services in said suit; and that their reasonable fee for said services amounted to a large sum, to-wit, the sum of $500; and that the said defendants necessarily incurred other heavy expenses and costs to a large amount, to-wit, the sum of $500, and necessarily spent a long time, to-wit, one hundred days, in the preparation of said cause for trial, and in the de-fense thereof; whereby they have sustained damages by the wrongful suing out of said complaint to a large amount, to-wit, the sum of $1500, of which the defend-ants had notice; yet they (the said defendants) have hith-erto wholly failed and refused, and do still fail and refuse, to pay any part thereof; to plaintiffs' damage as above stated."

On the trial, the plaintiffs read in evidence the detinue bond and the record of the detinue suit, in which a judg-ment was rendered against the plaintiffs therein, before the commencement of this suit, for sixteen dollars costs, "that being the amount of all the costs in the case." "It was in evidence, also, that an execution for the costs of said suit had been issued to Lowndes county, and returned to the last term of said circuit court, 'no property found'; that an execution was then issued to Autauga county, where the plaintiffs in said detinue suit resided, return-able to the spring term of said court, 1858, which had never been returned; and there was evidence that said costs have not been paid, and there was no evidence that the plaintiffs in this suit have paid any of the costs of the detinue suit. It was in evidence, also, that Caswell Gar-rett and Charity Garrett were, at the commencement of said detinue suit, and still are, husband and wife, but the time of their marriage was not shown; that Caswell Garrett had employed several counsel to defend said det-

inuc suit, and his said wife had also spokcn to and consulted some of the same counsel as to the defense of the suit ; and the value of the services of their counsel was proved. But there was no evidence that any money had been paid by any of the plaintiffs to any of the counsel employed in the defense of said suit. There was evidence, also, that on the advice of his counsel, and to procure information and testimony to defend the detinue suit, Caswell Garrett went to Georgia, and expended some forty or fifty dollars in traveling expenses; and that it was necessary for the proper defense of the detinue suit that he should go to Georgia and incur said expenses."

" This being all the evidence in the case, the defendants asked the court to charge the jury, 'that the plaintiffs could not recover as damages the amount of any liability incurred by one of them alone ; and that if the evidence showed that no one, except Caswell and Charity Garrett, spoke to or employed the counsel to defend the detinue suit, and that said Caswell and Charity were husband and wife, then the plaintiffs cannot recover the amount of what was a reasonable fee to the counsel employed to defend said suit.' Further, 'that if Charity Garrett was the wife of Caswell Garrett, then the plaintiffs cannot recover the money paid out by said Caswell for his expenses to Georgia.' Further, 'that if Caswell Garrett paid money out of his own pocket for his expenses to Georgia to obtain information or testimony for the defense of the detinue suit, and said Charity Garrett was his wife, then the plaintiffs cannot recover anything.' Further, 'that if the execution issued to the county of the residence of the plaintiffs in the detinue suit, for the costs in that case, has not been returned 'no property,' the plaintiffs cannot recover the costs incurred in that suit by the plaintiffs in this action, unless it is shown that they (plaintiffs) have paid them.' Further, 'that if the whole judgment for costs in the detinue suit was sixteen dollars, against the plaintiffs in that suit, then these plaintiffs cannot recover in this action the whole amount of these costs.' All these charges were severally refused by the court, and severally excepted to by defendants as refused."

The refusal of the several charges asked by the defendants is the only matter assigned as error.

Jno. A. Elmore, for appellants.

Baine & NeSmith, *contra.*

A. J. WALKER, C. J.—The proper parties plaintiff, in an action upon a penal bond, are the obligees, notwithstanding they may have severally sustained distinct injuries. Gayle v. Martin, 3 Ala. 593; Boyd v. Martin, 10 *ib.* 700. And if one of the obligees be the wife of another, she may be joined as a plaintiff with her husband.—Pickens v. Oliver, 29 Ala. 528; Jordan v. Hubbard, 26 Ala. 233. The above stated principles are conclusive, to show that the court did not err in refusing those charges which assume that a recovery could not be had in this action for damages sustained exclusively by one or a part of the plaintiffs, and that the feme covert could not join in the suit.

Every one of the plaintiffs in this case was interested in the damage resulting from the liability to costs in the detinue suit. The questions of this case arise upon refusals to charge. None of the charges refused raises the question of the right to join an obligee, as a party plaintiff, who had sustained no damage whatever, and who was totally uninterested in the case. We therefore express no opinion as to the right of joining a party so situated.—See Code, § 2129; Skinner v. Bedell, 32 Ala. 44.

[2.] Under the decision in Garrett & Hill v. Logan, 19 Ala. 344, a liability for the counsel fees, without an actual payment of them, would authorize a recovery of them in this suit on the bond. The principle upon which the decision of that point, in the case just cited, is based, is, that a liability for expenses incurred is such actual damage as may be recovered in the action on the bond. That principle is correct, and is sustained by the authorites.— Sedgwick on the Measure of Damages, 106; Richardson v. Chasen, 10 Q. B. R. (59 E. C. L. R.) 756; Dixon v. Bell, 1 Starkie's R. 287; Pritchett v. Boevey, 1 C. & M. 775. Upon the principle just stated, the plaintiffs had a right

Miller v. Garrett.

to recover the expenses and costs for which they had incurred a liability, notwithstanding they had not been actually paid. This would not be the case, if the plaintiffs in their pleading had only alleged a payment in money; but the complaint in this case is adapted to the recovery of costs and expenses for which a liability has merely been incurred.

[3–4.] The last charge asked was to this effect, that the action of detinue having been dismissed at the costs of the plaintiff in that action, and the entire costs being sixteen dollars, the plaintiffs in this suit could not recover upon the bond the whole costs of the detinue suit. The condition of the detinue bond is, to pay such costs and damages as the defendants might sustain by the wrongful complaint. The plaintiff's costs in the detinue suit can, in no sense, be costs sustained by the defendants in that suit, it having been dismissed. The defendants are not liable for the plaintiff's costs in the dismissed detinue suit, and, indeed, cannot in any way be made responsible for them. The defendants in the detinue suit are only liable for their own costs, and they have no reason to be concerned about the plaintiff's costs in the detinue suit. The proposition, that the plaintiffs were not entitled to recover the whole costs in this case, asserted by the charge, is strictly true. But, if this charge had been given, it could only have contributed to confuse the jury; for it would have made it their duty to have refused an allowance to the plaintiffs of a part of the costs, without affording any means of ascertaining what part of the costs should be, and what part should not be allowed. It would have left the jury to determine upon this point by mere guessing. The charge required explanation, and, without explanation, would have confused the jury. There was no error in the refusal to give such a charge.—Godbold v. Blair, 27 Ala. 592; Partridge v. Forsythe, 29 Ala. 290.

Judgment affirmed.