[Watts v. Rice & Wilson.]

# Watts *v.* Rice & Wilson.

*Contest of Claim of Exemption.*

1. *Judgments; conclusiveness of.*—Judgments are conclusive of all facts or issues actually decided, or necessarily involved, but not of facts collaterally involved.

2. *Attachment against partnership by firm name; on what property leviable.*—An attachment against a partnership by its firm or common name, without mention of the names of the individual partners, can only be levied on partnership property; it can not be levied on the individual property of the partners.

3. *Same; extent of recovery on bond.*—In a suit on a bond executed for the purpose of suing out an attachment against a partnership by its firm name, payable to the partnership by its firm name, and conditioned, in the event of a failure to prosecute the attachment to effect, to pay the defendants, as partners, "all such damages as *they* might sustain from the wrongful or vexatious suing out of such attachment," no recovery can properly be had for any damage sustained by one of the partners, by reason of a wrongful levy of the attachment on his individual property.

4. *Same; suit on bond; what admissible as evidence of malice.*—In such case, however, it is competent to prove such levy, and attendant circumstances of aggravation, wantonness or gross negligence, for the purpose of proving that legal malice which authorizes the recovery of exemplary damages.

5. *Same; res adjudicata.*—In a suit on a bond, executed for the purpose of obtaining an attachment against a partnership by its firm name, and conditioned, on failure to prosecute the suit to effect, to pay the defendants, as partners, "all such damages as *they* might sustain from the wrongful or vexatious suing out of such attachment," evidence was introduced showing that the individual property of one of the partners, of the value of more than three times the amount of the debt claimed in the attachment, and more than the penalty of the bond, was levied on under the writ; it not appearing for what purpose the evidence was introduced, or that its admissibility was sought to be limited, or that the value of the property actually entered into the verdict of the jury as an element of damage, otherwise than as may be implied by presumption of law from the facts in evidence. *Held,*

(*a*) That the recovery of the value of such property, or the liability of the defendants for it, was not one of the issues actually decided, or necessarily involved in the suit on the attachment bond, and it was not, for this reason, *res adjudicata* between the parties.

(*b*) That a judgment in favor of the plaintiffs in the suit on the bond for the full penalty, though paid, does not estop the partner whose property was levied on from claiming it, in the attachment suit, as exempt.

Appeal from the City Court of Montgomery.
Tried before Hon. T. M. Arrington.
The facts are sufficiently stated in the opinion.

19

RICE & WILEY, for appellants.

J. M. FALKNER and R. M. WILLIAMSON, *contra.*

SOMERVILLE, J.—The present case is one involving the trial of a claim of exemption to personal property levied on under a writ of attachment sued out by Rice & Wilson. Code, 1876, § 2830. The property levied on is the individual property of the appellant, Watts. The attachment suit was against Nathaniel Watts & Co., under their *common name* as a mercantile partnership, without designation of the individual names of the persons comprising the partnership.

The charge of the court, instructing the jury to find for the appellees, can be justified only upon the theory that the matter in dispute is *res adjudicata.* It is insisted that the appellant has already recovered *the value of his property,* here claimed, in a suit brought by *Watts & Co.* against the appellees, claiming damages·on the attachment bond for the wrongful and vexatious suing out of the writ of attachment against the partnership. The argument is, that this judgment of recovery operates as an estoppel in this suit.

The rule is, that judgments are conclusive only as to all facts or issues actually decided, or necessarily involved. This does not embrace facts which are merely collateral, but only such as are directly and distinctly put in issue, and a finding of which is necessary to uphold the judgment.— *McCalley v. Robinson's Adm'r,* 70 Ala. 432 ; *McDonald v. Mobile Life Ins. Co.,* 65 Ala. 358 ; Freeman on Judg. § 257.

It is shown that Watts & Co. sued Rice & Wilson on the attachment bond, and recovered judgment against them for the full penalty of two hundred dollars, the entire amount of which had been discharged by payment before the present trial. In this suit for damages, evidence was introduced as to the value of the individual property of Watts, which had been levied on under the writ in this proceeding, showing that the property was worth, at the time of seizure, the sum of three hundred and thirty-five dollars, or more than three times the amount of the debt claimed in the original attachment suit, and more than a hundred dollars in excess of the full penalty of the attachment bond. It does not appear for what purpose this evidence was introduced, or that its admissibility was sought to be at all limited. Nor does it appear that the value of this property actually entered into the verdict of the jury as an element of damage, otherwise than as may be implied by presumption of law, from the facts in evidence.

It is our opinion that this can not be inferred from the facts before us. The original attachment, it is important to remem-

ber, was sued out against the partnership of Watts & Co., by its firm or common name, without mention of the names of the individual partners. Such suits are authorized by section 2904 of the present Code, of 1876. But it is well settled, that where a judgment is rendered under the provisions of this statute, it only binds the joint property of the firm, and an execution issued on such judgment can be levied only on the partnership property. It does not bind the property of the several individual partners, and *can not lawfully be levied upon such separate property.* Such suits have been characterized as somewhat in the nature of a proceeding *in rem* rather than *in personam.*— *Yarborough v. Co. v. Bush,* 69 Ala. 170 ; *Haralson v. Campbell,* 63 Ala. 278 ; *Wyman v. Stewart,* 42 Ala. 163.

The attachment bond, also, was payable to Watts & Co., as a partnership, describing them by their firm or common name, and the condition wĭs, in the event of a failure to prosecute the attachment to effect, to pay the defendants—as partners— "all such damages as *they* might sustain from the wrongful or vexatious suing out of such attachment."—Code, 1876, § 3256. It seems to us that in a suit on a bond of this nature, no recovery can properly be had for any damage sustained by one of the individual partners for a wrongful seizure of his property, nor does the bond import that the partnership as such can recover the *value* of such property, based upon its wrongful destruction or seizure by the officer levying the attachment writ. Such bonds are not required for the protection of the officer, nor for the indemnification of third persons whose property may be wrongfully attached, but simply for the benefit of *the party defendant against whom the writ is issued.* Drake on Attach. § 162 ; *Davis v. Commonwealth,* 13 Gratton, 139.

The rule might be entirely different in a case where the attachment suit had been brought against *individuals* doing business under a partnership name, which is the common and more ordinary way. Such a writ may be levied on the *separate,* as well as the joint estate of the partners, and the condition of the bond may for this reason cover a loss sustained by levying on such separate property.—Code, 1876, § 3270; *Boyd v. Martin,* 10 Ala. 700.

The general rule is, that, in actions *ex delicto* brought by *partnerships,* damages can be recovered only for injuries to the *joint* business, property or trade of the copartnership, and injuries done either to the private feelings or the private property of the individual partners do not constitute a proper subject of injury in such suit.—*Donnell v. Jones,* 13 Ala. 490 ; Story on Part. § 257 ; Parsons on Part. *338. So, in actions *ex contractu,* as well, all the parties plaintiff must be entitled to recover, or

the suit can not be maintained.—*Cochran v. Cunningham*, 16 Ala. 448.

Keeping these principles in view, it does not follow that the value of Watts' separate property, which was levied on wrongfully under the original writ of attachment against Watts & Co., entered as an element of damage in the suit brought by them against Rice & Wilson on the attachment bond. It was competent, however, to prove such levy, and the circumstances of aggravation, wantonness or gross negligence attending it, in proof of that legal malice which would authorize the recovery of exemplary damages.—*Lienkauf v. Morris*, 66 Ala. 406. The existence of an evil motive, manifesting itself in an act of wrong or oppression against the property of one partner, would not only be relevant, but quite persuasive to show legal malice against a firm of which he was a member, if perpetrated under color of legal process issued against such firm or partnership. It might be possible to destroy the credit and business of a partnership by a wrongful levy made upon the separate property of the only solvent partner, and in such a case damages could no doubt be recovered by the firm on proper proof. But the measure of actual damages would not be the value of the separate property thus seized, nor the injury done to it, with interest, except, perhaps, in those cases where the process is issued against the partnership otherwise than by its firm or *common name*, and is authorized by law to be levied upon the separate property. Such, as we have shown, is not this case. In *Boyd v. Martin*, 10 Ala. 700, *supra*, where suit was brought in debt on an attachment bond executed by the defendants to the plaintiffs, it was held that a recovery could be had for damages sustained by the levy of the process on the separate property of each. The interest in the damages was held to be joint, upon the ground that the covenant was entered into with both of the plaintiffs jointly, and that the writ of attachment could be lawfully levied upon the property of both, or of either. Such damages were supposed, in other words, to enter into the mutual contemplation of the contracting parties, because coming within the condition of the bond.

It could not be supposed that such was here the case. The writ was properly leviable only on the joint property of the partnership. The indemnity was intended to cover only such damages as the firm, distinguished from the individual members composing it, should suffer by the wrongful or vexatious suing out of the process. The actual value of the property levied on was immaterial except, perhaps, as matter of aggravation, to show motive. It could not enter, as the value of joint property might do, as an element of *actual* damage into the verdict of the jury. The recovery of such property, or

[Falk v. Hecht.]

the liability of the defendants for it, was not one of the issues actually decided, or necessarily involved in the suit brought by Watts & Co. against Rice & Wilson on the attachment bond. This matter was not, for this reason, properly speaking *res adjudicata* between the parties litigant.

The judgment must be reversed, and the cause remanded.

STONE, J., dissenting.