[No. 768.    Decided March 6, 1893.]

W. D. SLOAN AND JOSEPH DEER, *Respondents*, v. CHARLES LANGERT, P. DOLAN AND J. H. WILSON, *Appellants*.

ATTACHMENT — WRONGFUL LEVY — ACTION ON BOND — PARTIES — EXEMPLARY DAMAGES — EVIDENCE — REBUTTING PRESUMPTION OF MALICE.

In an action upon a bond for wrongful attachment of property of the obligees, recovery may be had in one suit for damages to both the joint and individual property of the obligees.

Under §295, Code Proc., exemplary damages may be recovered for malicious attachment. (*Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, distinguished.)

In order to rebut the presumption of malice in suing out a wrongful attachment, the defendant may testify that he believed the matters stated in the attachment affidavit to be true at the time of the issuance of the writ; and that he laid the matter fully before his counsel and acted upon the latter's advice.

The fact that an attachment was dissolved is merely *prima facie* evidence that it was rightfully dissolved, and does not preclude an investigation of that question in an action on the bond.

*Appeal from Superior Court, Thurston County.*

*W. I. Agnew*, and *M. J. Gordon*, for appellants.

*Phil. Skillman*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—Appellants sued out a writ of attachment against the property of the respondents, which was afterwards dissolved.    This action was upon the bond for

damages.   The complaint alleges, in paragraph 5, that the sheriff levied upon certain property of Joseph Deer, one of the plaintiffs.   The property attached consisted principally of liquors, cigars, bar and bar fixtures, tobacco, and other personal property contained in two saloons in the town of Tenino; also a certain lunch counter with its attachments. Paragraph 7 alleges that at the time of the attachment aforesaid, the said Deer was the owner and in possession of the two saloons and of the lunch counter referred to in paragraph 5, and that by reason of said attachment, and the retention of said property by the sheriff, his business was wholly interrupted for a certain length of time.   Paragraph 12 alleges that, owing to the seizure of the property aforesaid by the sheriff, and the interruption of the business then being carried on by said plaintiff Deer, and of the depreciation in value of the property attached, and by reason of the damage done to their credit, standing and character as business men, and by reason of the fact that said writ was maliciously and oppressively sued out by said Langert, the plaintiffs suffered and sustained damage in a large sum, to wit, in the sum of fifteen hundred dollars.

Appellants moved the court to strike out said paragraphs five, seven and twelve, for the reason that the matters referred to in said paragraphs did not refer to, or relate to, any joint cause of action accruing to plaintiffs Sloan and Deer, but that they relate solely to Joseph Deer, one of the plaintiffs.   The motion was overruled, and the action of the court in overruling the motion was one of the errors assigned here.

No authorities are cited by appellants in support of this proposition; but from our own investigation, and from the authorities cited by respondents, we do not think it can be sustained.   Under the writ the joint property or individual property of either defendant could have been attached.

Suppose the joint property and individual property of both defendants had been attached; it cannot be contended that three suits on the bond would have been necessary to recover the damages engendered. The law does not favor a multiplicity of suits, and a remedy on a bond should not be more restricted than the operations of the writ. In *Boyd v. Martin*, 10 Ala. 700, it was held that upon a bond executed to several with condition to pay for such costs as they might sustain by reason of the wrongful suing out of the attachment, an action may be maintained though the attachment was levied on the separate property of each, in which they had not a joint interest, and the court in its argument said:

"How the damages are to be divided between the plaintiffs, is a matter with which the defendants have no concern as they will be protected by this recovery from another action, by both or either."

See also: Wade on Attachment, § 297; Drake on Attachment, § 163; and *Summers v. Farish*, 10 Cal. 347. It is true that in *Alexander v. Jacoby*, 23 Ohio St. 358, it was held that an action on such undertaking may be prosecuted by those obligees who have an interest in the damages sought to be secured, without making other obligees, who have no interest in the action, parties thereto; but that case did not go so far as to hold that if they were made parties, damages to other obligees could not be respectively averred.

After the motion to strike was overruled, the defendants demurred to the complaint, for the reasons — (1) That it appeared upon the face of the complaint that there was a defect of parties plaintiff; and (2), that it did not state facts sufficient to constitute a cause of action. It is evident that there was no defect of parties plaintiff shown on the face of the complaint; but, construing it as a demurrer for a misjoinder of parties, which was the evident intention of

the pleader, it was properly overruled, for it raises the same question which was raised upon the motion to strike, and the same principle governs the objections made by appellants to the testimony of the plaintiff Deer.

The court, among other instructions, gave the jury the following:

"Under our attachment law, with reference to these damage suits, there are two branches of damages — two classes; one is known as actual damages, and the other as exemplary damages; and if you further find from the evidence that such attachment was sued out maliciously by Mr. Langert, then these plaintiffs may recover, in addition to their actual damages sustained, if any has been sustained, such exemplary damages as in your judgment they are entitled to recover; that is, damages by way of punishment for having acted with malice."

This instruction is alleged as error by the appellants under the ruling of this court in *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45 (25 Pac. Rep. 1072). The court in that case did not undertake to decide that exemplary damages could not be recovered in cases where the statute specially provides for recovery of exemplary damages. Sec. 295, Code Proc., seems to put the right to recover exemplary damages in a suit on an attachment bond at rest, for it provides in so many words that, "if it be shown that such attachment was sued out maliciously, he may recover exemplary damages."

Being entitled, then, to recover exemplary damages in case the attachment was sued out maliciously, the defendants should be allowed to introduce testimony tending to rebut the presumption of malice. In this case the defendant was not allowed to testify that he believed the matters stated in the attachment affidavit were true at the time of the issuance of the attachment. Considering the fact that a man is not liable to dispute facts to the truthfulness of which he has previously sworn, this would probably not have been the most convincing testimony in the world, but

it was competent testimony and the jury should have been allowed to weigh it.

Defendant Langert also offered to prove that before suing out the writ of attachment he made a full statement of his case to T. V. Eddy, his counsel, and upon such statement was advised by the said counsel that he had good grounds for attachment, and that he acted in good faith. The introduction of this testimony was also refused by the court. In this we think the court plainly committed prejudicial error. On this proposition the authorities are uniform and citations are, therefore, unnecessary. It is conceded by the respondents that the advice of the counsel would be competent testimony tending to rebut the presumption of malice, but it is urged that the fact of such advice having been given must be testified to by the counsel instead of the defendant. This position we think is untenable. If the giving of such advice is a fact competent to be proven in a case, like any other fact it can be proven by any one who has knowledge of it. It might not go to the jury with the same force from the defendant as it would from the counsel, but that would be the misfortune of the defendant and could not possibly be any reason for prohibiting him from testifying to the fact. As we have before said, the weight to be given to the testimony is a matter exclusively within the province of the jury.

The court also instructed the jury as follows:

"Your verdict must be for plaintiffs. The fact that the attachment was dissolved by the court entitles the plaintiff to nominal damages without any further evidence."

This would be true if no evidence were offered on the other side; but we think the fact that the attachment was dissolved is only *prima facie* evidence that it was rightfully dissolved, and does not preclude an investigation of that question in an action on the bond.

For the errors mentioned, the judgment will be reversed.

STILES, HOYT, SCOTT and ANDERS, JJ., concur.