# Smith *et al.* v. Mutual Loan & Trust Co. *et al.*

### *Action on an Injunction Bond.*

1. *Action on an injunction bond; parties plaintiff.*—A suit on an injunction bond should be brought in the name of all of the payees of the bond, "for the use of" those who were damaged by the issuance of the writ of injunction.

2. *Breach of injunction bond; right of action.*—Upon the breach of an injunction bond, which is conditioned to pay "all damages any person may sustain by the suing out of any injunction, if the same is dissolved," a right of action is given "to any person" who may have been damaged by the suing out of the writ of injunction.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

A. W. Smith, Fred Sloss and Maclin Sloss, as executors of J. W. Sloss, deceased, brought an action against the Mutual Loan & Trust Co. and the sureties on an injunction bond, issued at its instance, to recover damages resulting from the issuance of the writ of injunction, which was afterwards dissolved as to the plaintiffs. The injunction bond, which was the basis of the action, was made payable to A. W. Smith, Fred Sloss and Maclin Sloss "both individually and as the executors of the estate of J. W. Sloss, deceased." The condition of the bond, and the other facts are sufficiently stated in opinion.

The defendant demurred to each count of the complaint upon the following grounds: (1.) Because it appears from the allegations of said counts that the bond sued upon in this action is made payable to others than

the plaintiffs, to-wit, A. W. Smith, Fred and Maclin Sloss individually, and such others are not joined as parties plaintiff. (2.) Because of the non-prosecution of A. W. Smith, Fred and Maclin Sloss, individually. (3.) Because it appears from said counts that the injunction mentioned in said counts has never been dissolved so as to authorize this action by plaintiffs. (4.) Because it appears from the said counts that there has been no breach of the bond sued upon. (5.) Because it appears from the allegations of said counts that the injunction sued out by the defendant and mentioned in said counts has been dissolved only as to A. W. Smith, Fred Sloss and Maclin Sloss, as executors of the estate of J. W. Sloss, deceased, and it further appears that said injunction was by decree of the city court retained and made perpetual as to the other defendants, A. W. Smith, Fred and Maclin Sloss, individually. (6.) That it appears from the allegations of said counts that the injunction mentioned in said counts has been only partially dissolved and made perpetual as to certain others of the defendants." The court sustained these demurrers, and the plaintiffs declining to amend or plead further, the court rendered judgment for the defendant. The plaintiffs prosecute the present appeal, and assign as error the judgment of the city court sustaining the demurrers to the several counts of the plaintiffs' complaint.

W. R. HOUGHTON, for appellant.—While it is a rule that upon a bond executed to several, the obligees must join in an action thereon, the bond in the present case being conditioned to pay all damages which *any person* may sustain by the suing out of the injunction, the right of action is several as well as joint, and is in the person injured.—*Boyd v. Martin*, 10 Ala. 700 ; *Burton v. Henry*, 90 Ala. 281, 7 So. Rep. 925 ; *Masterson v. Phinizy*, 56 Ala. 336, and authorities cited. The injunction being dissolved as to some of the obligees of the bond, such persons had the right to maintain the present suit.— *Yale v. Baum*, 11 So. Rep. (Miss.) 879.

R. H. PEARSON, *contra*.—The court properly sustained the demurrer to the complaint, on the ground of nonjoinder of parties plaintiff ; the bond being made payable to all of the defendants, all must be made parties plain-

tiff in a suit on said bond.—2 High on Injunctions, § 1635 ; *Ovington v. Smith,* 78 Ill. 250. The fact that the condition of the bond is to pay all damages that any person may sustain, does not change the rule.—*Gayle v. Martin,* 3 Ala. 593 ; *Boyd v. Martin,* 10 Ala. 700 ; *Bedell v. Smith,* 37 Ala. 619 ; *Masterson v. Phinizy,* 56 Ala. 339 ; 2 Chit. on Contracts, § 1351.

COLEMAN, J.—This was an action by appellants as plaintiffs upon an injunction bond. The suit is by plaintiffs in their representative capacity as executors of James W. Sloss, deceased. The bond is made payable to plaintiffs as executors, and to them individually. The fiat of the court enjoined them both in their individual and representative capacity. The condition of the bond is "to pay or cause to be paid all damages which *any person* may sustain by the suing out of said injunction, if the same is dissolved by the city court of Birmingham," &c. One count of the complaint avers, that the injunction was wholly dissolved ; and in another count it appears, that the injunction was made perpetual against the plaintiffs in their individual capacity, and dissolved only as to their interest as executors. The instrument, the foundation of the suit, is not a promissory note, bond, or other contract for the payment of money, within the class of cases in which it is declared in section 2594 of the Code, that actions on such instruments must be prosecuted in the name of the party really interested ; nor is the suit within the provision of section 2575 of the Code, which declares that suits "for any breach of an official bond or undertaking of any officer of this State, executor, administrator or guardian, or of any bond or undertaking given in an official capacity to the State, or any officer thereof, the person aggrieved may sue in his own name, assigning the appropriate breach." The rule at common law, and which has not been changed by statute, as to actions upon such bonds, required that the suit be prosecuted in the name of the owner or holder of the legal title, and for the use of such persons as were the beneficial owners.—*Gayle v. Martin,* 3 Ala. 593 ; *Boyd v. Martin,* 10 Ala. 700; *Sprowl v. Lawrence,* 33 Ala. 674 ; *Masterson v. Phinizy,* 56 Ala. 336 ; *Morrow v. Woods,* 56 Ala. 1. We are, therefore, of opinion that the suit should have been brought in the

name of all the payees of the bond, ''for the use of,'' &c.

It is next contended that as the injunction was dissolved only as to a part of the obligees, there has been no breach of the condition of the bond; and further that as all the obligees of the bond against whom the injunction was made perpetual have no cause of action, none can sue,—in other words that unless all are entitled to recover, none of the parties can maintain the action. We think there is a wide difference between the legal effect of a breach of the condition of the bond under consideration, and the breach of a bond, conditioned to pay all such damages as the obligee or obligees might sustain. The condition here is to pay ''all damages *any person* may sustain by the suing out of said injunction, if the same is dissolved,'' &c. The right of action is given to ''any person'' who may be damaged by the suing out of the injunction, if the same is dissolved. Section 3524 of the Code reads as follows : ''In other cases the party must give bond, with surety in such sum, as the officer granting the application directs, payable to and approved by the register, and conditioned to pay all damages and cost which any person may sustain, by the suing out of such injunction, if the same is dissolved.'' This section was amended by the act of 1888-89, p. 116, but the only change made by the amendment is, that the bond is made ''payable to the party against whom the application is granted.'' The condition of the bond is precisely the same. If the section of the Code had remianed in force, there is no doubt that, upon the dissolution of the injunction, suit could be brought in the name of the register, for the use of ''any person'' sustaining damage. The fact that the amendment requires the bond to be made ''payable to the party against whom the application is granted,'' does not change the legal effect of a breach of the condition. Upon the dissolution of the injunction, ''any person'' who has sustained damage is entitled to recover. If the action was on an official bond under section 2575, *supra,* it is expressly provided that ''the person aggrieved may sue in his own name ;'' and so, if on certain instruments under section 2594, the person beneficially interested must sue. These are statutory provisions, regulating the pleadings in such cases ; but when the suit is brought on an instrument like the one at bar, there being no statutory provision, the common law gov-

erns, and the suit must be brought in the name of the payees, for the use of "any person" who may have been damaged. The provision, in favor of "any person," authorizes the bringing of the action for the use of such persons, one or more, against whom the injunction was granted, upon its dissolution as to such person. We do not see that the change made in the section of the Code by the act of 1888-89, *supra*, amending it, in any manner simplified the law of pleadings or promoted the ends of justice. Our duty is to construe the law as we find it. There was a demurrer to the complaint as a whole and to each count of the complaint, for that the suit was not brought in the name of all the obligees of the bond. The court did not err in sustaining this ground of demurrer. The other grounds of demurrer were not well taken. The plaintiffs declined to amend their complaint in any respect, and the judgment sustaining the demurrer must be affirmed.

Affirmed.