# Weedon *et al.* v. Jones *et al.*

### *Action on Attachment Bond.*

1. *Action on attachment bond; amendment of complaint.*—Where an attachment is sued out against two parties, and the bond is payable to both the defendants and conditioned to pay such damages as the defendants in attachment might sustain from the wrongful and vexatious suing out of the writ, a suit for damages on the bond must be brought by both of the defendants; and if brought by only one of them the complaint can be amended by joining the other obligee as a party plaintiff, without causing a fatal variance between the original suit and that made by the amendment.

2. *Same; joint recovery when writ levied on separate property of different defendants.*—When an attachment sued out against two parties is levied upon the separate property of each of the defendants in attachment and each employs different attorneys to represent their respective interest and thereby incur separate attorney's fees, in a suit by said defendants upon the attachment bond, which is conditioned to pay such damages as they might incur by the wrongful and vexatious suing out of the writ, they are entitled to a joint recovery for the damages they separately sustained.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought originally by J. T. Jones against the appellants, Weedon & Dent, and their sureties on an attachment bond. The complaint alleged the execution by the defendants of an attachment bond, payable to the plaintiff, J. T. Jones and one Lizzie Horton, which was executed upon the defendants, Weedon & Dent, suing out a writ of attachment against J. T. Jones and Lizzie Horton, for the collection of rent. It was further averred in the complaint, that there was a breach of the attachment bond, in that the attachment was wrongfully sued out; and that the plaintiff was damaged thereby to the extent of employing counsel to defend said suit, and became liable for attorney's fees. On the trial of the cause, there was introduced in evidence the following agreed statement of facts: "That an attachment for $750 for house rent was sued out July 2, 1891, by Weedon & Dent against J. T. Jones and Lizzie Horton.

[Weedon *et al.* v. Jones *et al.*]

That defendants, J. T. Jones, employed B. M. Allen, Esq., to defend his interest, and defendant, Horton, employed Wade & Vaughan to defend hers, in the attachment suit. Mr. Allen was not employed in Horton's interest, nor Wade & Vaughan in Jones'. That attachment case was tried, and judgment rendered for defendants. That some of the goods levied on under attachment were the property of Jones and some the property of Horton; there was no joint or partnership ownership of them. That Jones incurred a liability to his attorney, B. M. Allen, Esq., for defending said attachment suit, and the reasonable value of said attorney's service is $65. That Jones suffered no other loss or damage by reason of said attachment suit." The plaintiffs offered in evidence the bond sued on, which was conditioned to pay such damages as the defendants in attachment might sustain from the wrongful and vexatious suing out of said attachment. The defendants objected to the introduction of said bond in evidence, on the ground that it was not the bond described in the complaint. The plaintiff then offered to amend his complaint by adding Lizzie Horton as a co-plaintiff, and changing the word "plaintiff" to "plaintiffs," and the word "he" to "they" wherever they occurred in the complaint. The defendant objected to this amendment, on the grounds, that it wrought a change in substance and not in form; that it was a complete change of the party plaintiff; and that it imported a new cause of action. This objection was overruled, the court allowed the amendment, and the defendants excepted. The defendants moved to strike from the file the amended complaint, for variance from the original complaint. This motion was overruled, and the defendants excepted. The attachment bond was then introduced in evidence against the objection and exception of the defendants. The defendants then moved to exclude from the agreed facts, the statement that "Jones incurred a liability to his attorney, B. M. Allen, Esq., for defending said attachment suit, and the reasonable value of said attorney's service is $65." The ground of this objection was, that this statement was irrelevant, and that it shows damages to Jones alone, and does not show such joint damages as can be recovered in the present action. This objection was overruled, and the defendants excepted. After the argument of counsel,

[Weedon *et al.* v. Jones *et al.*]

the plaintiffs offered evidence of a fee paid by the plaintiff Lizzie Horton to her attorneys for defending said attachment suit, and that the reasonable value of said service was $65.  The defendants objected to this evidence, on the ground that it was introduced too late, and that it shows damages suffered by Lizzie Horton alone, and not such joint damages as can be recovered in the suit. This objection was overruled, and the defendants duly excepted.  The cause was tried by the court without the intervention of a jury ; and upon the hearing of all the evidence the court rendered judgment for the plaintiffs, assessing their damages at one hundred and thirty dollars.  The defendants appeal, and assign as error the rulings of the court upon the pleading and evidence, and the rendition of judgment in favor of the plaintiffs.

ALBERT E. BARNETT, for appellant.—1. The introduction, by amendment to the complaint. of a new cause of action, is a departure and is not allowable.—Code of 1886, § 2833 ; *Mahan v. Smitherman*, 71 Ala. 563; *Leatherwood v. Suggs*, 96 Ala. 383 ; *Mobile Life Ins. Co. v. Randall*, 74 Ala. 170.  An amendment operating an entire change of parties plaintiff is not allowable.—3 Brick. Dig., 28, § 8, and cases cited.

2.  Where there is a variance between the original and amended complaints, the amended complaints should on motion, be stricken from the file.—*Turner v. Roundtree*, 30 Ala. 706; *Chapman v. Spence*, 22 Ala. 588.

3.  In a joint action, proof of liability from the defendant to one of the joint plaintiffs should be rejected. 1 Greenl. Ev., § 51 ; *Donnell v. Jones*, 13 Ala. 490 ; *Strickland v. Burns*, 14 Ala. 511 ; *Ware v. Warwick*, 48 Ala. 295 ; *Giovanni v. First Nat. Bank*, 51 Ala. 177 ; *St. Clair v. Caldwell*, 72 Ala. 527; *McLeod v. McLeod*, 73 Ala. 42.

4.  The evidence does not sustain the allegations of the complaint, or authorize the judgment rendered by the court below.—*City Nat. Bank v. Jeffries*, 73 Ala. 183 ; *Calhoun v. Hannan*, 87 Ala. 277 ; *Marshall v. Betner*, 17 Ala. 832; *Sacket v. McCord*, 23 Ala. 851 ; Acts 1888-89, p. 797.

B. M. ALLEN, *contra.*—1. A complaint may be amended by adding new parties plaintiff.—Code of 1886, § 2833 ; *Harris v. Swanson*, 62 Ala. 300 ; *Berry v. Fer-*

[Weedon *et al.* v. Jones *et al.*]

*guson*, 58 Ala. 316; *Godbold v. Blair*, 27 Ala. 592. The complaint can be amended at any time even "during the closing speech of the defendant."—*Sanders v. Knox*, 57 Ala. 81.

2. In an action on a penal bond all the obligees who have sustained injuries are proper parties plaintiff, notwithstanding they may have sustained distinct injuries. *Mitter v. Garrett*, 35 Ala. 96 ; *Masterson v. Phinizy*, 56 Ala. 336; *Boyd v. Martin*, 10 Ala. 700.

3. When an attachment suit is against individuals the writ is levied on the separate estate of the defendants, the condition of the bond for this reason will cover a loss sustained by levying on such separate estate.— *Boyd v. Martin*, 10 Ala. 700; *Watts v. Rice & Wilson*, 75 Ala. 291. Upon a bond executed to several with condition to pay them such costs and damages as they might sustain by the wrongful suing out of an attachment, a joint action may be sustained, though the attachment was levied on the separate property of each, in which they have no joint interest.—*Boyd & Walker v. Martin*, 10 Ala. 700.

COLEMAN, J.—This cause was tried by the court without the intervention of a jury.

H. M. Weedon and G. H. Dent, doing business as a partnership in the name of Weedon & Dent, gave bond and sued out an attachment against J. T. Jones and Lizzie Horton. The bond was made payable to the defendants in the attachment suit. The attachment suit resulted in a verdict for the defendants. J. T. Jones commenced the present action in his individual name upon the attachment bond to recover damages sustained by him. By leave of the court he amended the complaint by adding Lizzie Horton as a co-plaintiff, and sued for the damages sustained by both, in consequence of the wrongful suing out of the attachment. The court did not err in allowing the amendment, nor was there a fatal variance in the suit as originally brought and that made by the amendment. The attachment bond was the foundation of the suit, and its breach, the cause of action. Conditioned as it was the suit could not be maintained except in the name of the payees. When only one of the obligees in an attachment bond is damaged, the suit can be maintained in the name of the

[Prince v. Alabama State Fair.]

payees for his use and such damages recovered as he individually sustained; and when all the obligees of the bond are damaged, the suit must be brought by them jointly.—*Masterson v. Phinizy*, 56 Ala. 336; *Boyd v. Martin*, 10 Ala. 700; *Smith v. Loan & Trust Co.*, 102 Ala. 282.

The evidence showed that the attachment was levied upon the separate property of each of the defendants in attachment, and that each employed different counsel to represent their respective interest and incurred separate counsel fees. These facts present no bar to a joint recovery upon the bond. The question has been so often a matter of judicial determination in this State, and the reasons stated, we deem it unnecessary to do more than to cite a few of the earlier and more recent decisions—*Gayle v. Martin*, 3 Ala. 593; *Martin v. Boyd*, 10 Ala. 700, *supra*; *Miller v. Garrett*, 35 Ala. 100; *Watts v. Wilson*, 75 Ala. 289, 292; *Masterson v. Phinizy*. 56 Ala. 336, *supra*; *Smith v. Loan Trust Co.*, 102 Ala. 282, *supra*.

There is no error in the record.

Affirmed.