# Schaefer v. Austin.

### Action on Detinue Bond.

1. *Judgment for amount not claimed in complaint.*—Where the complaint in an action on a detinue bond seeks to recover only such costs as were adjudged against the plaintiff, who was the defendant in the detinue suit, the plaintiff can not recover the amount of costs incurred by him in that suit, when the proof shows that no costs were adjudged against him, but that all the costs were adjudged against the plaintiff in the detinue suit.

[Schaefer v. Austin.]

2. *Action on detinue bond; attorney's fee.*—W., the attorney of a plaintiff in execution, became his client's surety on an indemnifying bond given to a constable, as required by the latter before he would make a levy as requested. Upon the constable being sued in detinue for the property levied on, he notified W. thereof, and requested him to look after the case, but neither paid nor promised to pay him for his services. Judgment having been rendered in favor of the constable in the detinue suit, W. brought suit on the detinue bond in the constable's name, but without his instruction or knowledge, to recover attorney's fee claimed to have been incurred by the constable in defending the detinue suit. *Held,* that he could not recover, as the constable was not liable to W. for his services in defending the detinue suit.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action by C. W. Austin against Mary Schaefer, and others, on a detinue bond. The following statement was prepared by HARALSON, J.:

The appellee was a constable. An execution came into his hands, as such, in the case of *Shields v. Schaefer*, from a magistrate's court. Wade, the attorney for Shields, instructed the appellee to levy the execution on certain personal property as belonging to Schaefer. The appellee declined to levy without an indemnifying bond. This bond, Shields, plaintiff in execution, gave to appellee, with said Wade as one of the sureties thereon. Its condition was, "to keep plaintiff [the appellee] harmless from all trouble, damages, costs, suits, actions and attorney's fees incurred or suffered from the levy upon said property or the sale thereof, or any other step taken in execution of the writ of execution." The appellee, being thus indemnified, levied upon and seized the property pointed out to him by said Wade. Thereupon Mary Schaefer, the wife of the defendant in execution, brought an action of detinue against appellee, for the property, and gave a detinue bond for the institution of said detinue suit, with the other defendants in this case as her sureties, the bond being conditioned to pay the appellee "all such costs and damages as he might sustain from the said wrongful complaint." This suit was decided against Mary Schaefer, and the entire costs therein were adjudged against her. Thereupon this suit was instituted in the name of the appellee, by said Wade, appearing

[Schaefer v. Austin.]

as his attorney, against said Mary Schaefer and the sure-
ties on her said detinue bond. The allegation of the
complaint is, that said "Mary Schafer failed in said suit,
and failed to pay all costs and damages sustained by
plaintiff by the wrongful complaint, to-wit, thirty-five
dollars court costs adjudged against plaintiff in said suit,
and twenty-five dollars as reasonable attorney's fees in-
curred by plaintiff for the defense of said detinue suit."
It is not shown that any pleas were interposed. The ab-
stract does not show that the case was tried by the court,
without a jury, nor what judgment was rendered. It is
gathered from the assignments of error, however, and
we presume that the case was tried without a jury, and
that the court rendered a judgment in favor of the plain-
tiff, against the defendant, for $23.45, and it is stated in
brief of counsel, that the judgment thus rendered was
for $20 attorney's fee to said Wade, for defending said
detinue suit, and $3.45 for costs in that suit for which
plaintiff is liable. The appeal, by defendants, is to re-
verse the ruling and judgment of the court.

The evidence showed, that when process was served
on plaintiff in the said detinue suit of Mary Schaefer, for
the property he had levied on as belonging to the hus-
band, that plaintiff,—who had been indemnified by
Shields, the plaintiff in execution, with Wade, who was
Shield's attorney in that suit, and also one of his sure-
ties on his indemnifying bond,—went to Wade, and in-
forming him of the institution of said suit against him,
told him he wanted him to look after the case. Wade
did so, and it was shown a reasonable attorney's fee for
so doing was $20. It was further shown, that plaintiff,
the appellee, never employed Wade in the suit, otherwise
than stated; had never paid or promised to pay him any-
thing for his services, and Wade had never asked plain-
tiff to pay him anything for such services, nor claimed
that plaintiff owed him anything therefor; that, after the
termination of said detinue suit, Wade told plaintiff that
defendants were liable on the detinue bond for an attor-
ney's fee, and that he would bring suit against them in
plaintiff's name; that plaintiff neither instructed him to
bring this suit, nor not to do so, and he did not know
that he had done so, until after judgment was rendered
in the case in the justice's court, where the suit was
first instituted against defendants. It was also shown,

that Wade offered, both before and after the institution of this suit, to release defendants from all liability on the said detinue bond, if they would pay the judgment in the case of *Shields v. Schaefer*, upon which the original execution issued, in which case Wade represented Shields.

It was also shown that the entire costs in said detinue suit, amounting to $28, was adjudged against Mary Schaefer, the plaintiff therein; that of this sum, $19.45 was incurred at plaintiff's instance, and the balance,— $8.55,—at the instance of Mrs. Schafer; that she had paid the clerk $24.10, $16.10 of which she instructed the clerk to apply to the costs incurred at plaintiff's instance, and as to the balance,—$8.00—she had given him no instructions, and it had been applied to the costs generally.

GEORGE HUDDLESTON, for appellants.

No counsel marked for appellee.

HARALSON, J.—It is manifest that the court below erred in the judgment it rendered.

1. As for the $3.45 of costs which goes to make up the judgment rendered for $23.45, it is sufficient to say, that the complaint does not seek to recover it. It seeks to recover only such costs as were adjudged against the plaintiff in this suit, who was the defendant in the detinue suit. The proof shows, without conflict, that no costs were adjudged against this plaintiff as defendant in that suit, but all the costs were adjudged against Mary Schaefer, the plaintiff in that case.

2. As for the fee of $20 to said Wade, it is too clear for argument, that under the facts of the case, the plaintiff owed him nothing, and was not liable to him for anything for professional services. Being the indemnitor of the appellee as constable to make the levy, for which he was sued in detinue, the appellee was the mere agent of Wade in that matter, and in defending the detinue suit. When plaintiff notified Wade that he had been sued in detinue for the property levied on, and requested him to look after the case, he was in good faith notifying Wade to look after his own interest, to protect himself against liability on his indemnifying bond. If

[Nashville, Chattanooga & St. Louis Railway v. Mathis.]

Wade was entitled to anything at all, as an attorney, for defending the detinue suit, it was from the party he served in the cause,—the said Shields, for whom the levy was made. If plaintiff was under no contract express or implied to pay an attorney's fee to Wade, no such fee should have been allowed in a suit prosecuted in plaintiff's name against appellants for the benefit of Wade. There being no obligation from him to Wade, for compensation for services, Wade's fee, if anybody owed one, was not an element of damage in a suit on said detinue bond. If plaintiff lost nothing and was not liable for anything, he was not entitled to compensation and judgment therefor.—*Miller v. Garrett*, 35 Ala. 96; *Foster v. Napier*, 74 Ala. 393; 1 Suth. on Dam. 17.

The finding of the court below,—a jury having been waived,— should have been against the plaintiff, and in favor of defendants. The judgment rendered in the cause will be reversed, and one here rendered in favor of defendants below, the appellants here.

Reversed and rendered.