(98 South. 899)

HUTCHINSON v. WEAVER. (8 Div. 487.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Execution ☞472—On wrongful levy of execution, claimant may recover cost of transportation going to trial of right to property.

Owner is entitled to compensation or allowance for expenditures for reasonable exertion for recovery of property, and plaintiff may recover, not only for use of or damage to her property while wrongfully deprived thereof, but for cost of hired horse vehicle transportation to attend trial.

2. Execution ☞472—That mules unlawfully levied on were returned with distemper held not element of damage to claimant, where improper care was not shown.

Where mules were wrongfully detained, the fact they had contracted distemper or a cold when recovered by owner held not an element of damage, in absence of evidence showing improper care during detention.

3. Execution ☞472—Claimant of property unlawfully levied on not entitled to recover for son's trip to secure same.

Owner, not expending anything or becoming liable to any extent therefor, held not entitled to recover for son's trip in securing wrongfully detained baled cotton.

4. Execution ☞455—Statutory provision for release of sheriff in interposed claim not pertinent to plaintiff's damages for detention, where sheriff is not sued.

In an action by owner against plaintiff in execution to secure damages for property taken under levy and execution, Code 1907, § 6049, providing that a claim interposed is a release by claimant in favor of sheriff from all damages for seizure, has no bearing on owner's damages where the sheriff is not sued.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Minnie Weaver against J. J. Hutchinson. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Street & Bradford, of Guntersville, for appellant.

Evidence of expenses incurred by plaintiff in attending trial of the claim suit was inadmissible. 74 Ala. 393; 18 C. J. 1028; 65 Ala. 417, 39 Am. Rep. 5; 69 Ala. 581; 143 Ala. 315, 39 South. 262, 111 Am. St. Rep. 45, 5 Ann. Cas. 97; 155 Ala. 399, 46 South. 645; 194 Ala. 260, 69 South. 634. Plaintiff was not entitled to recover for the services of her son in going after the cotton. 109 Ala. 373, 19 South. 427.

John A. Lusk & Son, of Guntersville, for appellee.

The authorities cited by appellant under his first proposition are not applicable to the case at bar. Plaintiff was entitled to recover all expenses to which she was reasonably put in regaining the possession of the property wrongfully taken, except attorney's fee. 20 Ala. 694; 69 Ala. 581.

SAYRE, J. Action by appellee against appellant de bonis asportatis. The sheriff of Marshall county levied an execution in favor of defendant on two mules, one mare, and three bales of cotton as the property of Cliff Weaver, defendant in execution. In a trial of the right of property, plaintiff established her right, and thereafter brought this action against appellant and the sureties on the indemnifying bond, which the sheriff had required before making the levy. Errors assigned relate only to the measure of damages.

[1] Plaintiff recovered her property after two or three days. The owner may reasonably exert himself to secure the return or recapture of his property, and he is entitled to compensation for such exertions, and also for moneys expended for the same purpose, in a judicious and reasonable manner. 4 Suth. Dam. (4th Ed.) § 1103. Thus, in a case like this, the owner is entitled to recover in addition to compensation for the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

use or service of the property during the time he has been deprived of it and any damage done to it. Under this head we think plaintiff—as for any objection, at least—was properly allowed to show "the value of the hire of a horse and buggy to come to Guntersville to attend the trial of the right of property."

[2] But evidence that the mules had distemper—meaning a cold—when they came back into the possession of plaintiff, and that this ailment injuriously affected the value of their use for a time, should have been excluded. There was no evidence going to show that the animals had been improperly cared for or that their taking by the sheriff (as defendant's agent) had caused the trouble, directly or indirectly. As the case stands on the record, the finding against defendant on this item was a mere speculation.

So the alleged damage to the colt, left behind when the mare was taken, was indirect, remote, and not within the limit of reasonable compensatory damages set by the rule in cases of this character.

[3] It did not appear that plaintiff had expended anything or had become liable to any extent on account of her son's trip to get the cotton. Defendant was therefore not liable on that account. Schaefer v. Austin, 109 Ala. 373, 19 South. 427.

[4] Section 6049 of the Code had nothing to do with the case—the sheriff was not sued.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.