# Shapard *et al.* *v.* Lightfoot.

*Action on Common Money Counts.*

1.   *Action against partnership; service of process.*—In an action against a partnership, setting out the individual names of the several partners, the present statute (Rev. Code, § 2538), unlike the former (Clay's Digest, 323, § 63), does not authorize a judgment by default against all the defendants, when process has been served on only a portion of them.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by Allen N. Lightfoot, against "James J. Colt, W. B. Shapard, B. Boyle, W. H. Kelly, Hugh Carlisle, and Benjamin E. Wells, partners in trade, associated and doing business under the firm name and style of the Alabama and Georgia Company;" and was. commenced on the 1st April, 1874. The complaint contained only the common money counts. The summons and complaint were served on B. Boyle only; and there was a judgment by default, with writ of inquiry, against all of the defendants, whose names were stated in the margin of the judgment entry as in the summons and complaint. The appeal is sued out by W. B. Shapard and W. H. Kelly, who assign as error the rendition of judgment against them without service of process on them.

ELMORE & GUNTER, and V. S. MURPHEY, for appellant.

GEO. H. PATRICK, *contra.*

BRICKELL, C. J.—The complaint discloses the individual names of the partners who, it is averred, were doing business under the firm name and style of the "Alabama and Georgia Contracting Company." It also discloses a cause of action against the partnership; and there is no fact appearing on the record indicating a termination or dissolution of the partnership when suit was commenced. The summons pursues the complaint, and the return of the sheriff, made on it, is, that it was executed by leaving a copy of summons and complaint with one of the partners. A judgment by default was rendered, against all the partners; and this is now assigned as error. The judgment was unauthorized. The statute (Clay's Dig. 323, § 63) which declared the service

VOL. LVI.

[South and North Alabama Railroad Company v. Jones.]

of original process on one partner should be deemed a service on all, was not carried into the Code. In place of it, was enacted a statute, by which a mode of suit against a partnership, unknown to the common law, was prescribed: a suit against it, by its firm or common name, in which, service of process on one or more of the alleged partners was sufficient, the judgment operating only on partnership property.—R. C. § 2538. When, as in the present case, the suit is not against the partnership by its common name, but against the individuals composing the partnership, a judgment can be properly rendered only against the defendants served with process.

The judgment is reversed, and the cause remanded.