# Haralson *v.* Campbell.

### *Action against Partners, on Partnership Debt.*

1. *Partnership debts; liability of partners personally.*—Partnership debts are also the debts of each partner personally; and when they are evidenced by promise in writing (Code, § 2905), an action on them may be maintained against the partners either jointly or severally.

2. *Action against partnership, or partners individually; form of judgment and execution.*—When an action is brought against a partnership in its firm name, not naming the individual partners who compose it, and judgment is rendered against it, an execution thereon can only be levied on the partnership property (Code, § 2904); but, when the action is against the partners individually, though they are described as partners composing the firm, execution is properly issued against them individually.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. LOUIS WYETH.

The record in this case shows that, on the 1st February, 1875, an action was instituted in said court by Henry B.

[Haralson v. Campbell ]

Campbell, against William J. Haralson and Terrence Reynolds, "partners under the name and style of W. J. Haralson & Co.", founded on a "due-bill executed by them on the 8th day of January, 1874, and payable to plaintiff"; that judgment was rendered in this action, on the 24th September, 1877, in favor of the plaintiff, for $245.46, damages assessed by the jury; that an execution was issued on this judgment, on the 20th November, 1877, commanding the sheriff to make the money out of the goods and chattels, lands and tenements, of William J. Haralson and Terrence Reynolds; that said Haralson thereupon filed his petition for the *supersedas* of said execution, because it was issued against himself and Reynolds individually, instead of the firm of W. J. Haralson & Co.; and that the circuit judge refused to supersede or quash the execution, and dismissed the petition. The appeal is sued out from the original judgment. The errors assigned are, the refusal to quash and supersede the execution, and the rendition of the original judgment.

BRAGG & THORINGTON, for appellants.

L. A. DOBBS, *contra*.

STONE, J.—Partnership debts and liabilities, except in limited partnerships, are equally the debts of the firm and each member thereof; and the individual property of the several members, as well as the partnership property, may be taken in execution for the payment of such partnership debt. Partnership debts are joint and several, if evidenced by promise in writing, and may be sued on against the members jointly or severally.—Code of 1876, § 2905; *Emanuel v. Bird*, 19 Ala. 596; *Waldron v. Simmons*, 28 Ala. 629; *Van Wagner v. Chapman*, 29 Ala. 172. A modification of this principle exists, in cases of bankruptcy and insolvent administration, and a marshalling of assets will sometimes be decreed; but that doctrine has no application to this case, as no bankruptcy or insolvency is averred.

The suit and judgment in the present case are against W. J. Haralson and Terrence Reynolds, defendants, under the firm name of W. J. Haralson & Co. The mandate of the execution is, that the sheriff cause the amount of the judgment to be made "of the goods and chattels, lands and tenements, of William J. Haralson and Terrence Reynolds." There was a motion in the court below to quash the execution, because it directed the money to be made out of the individual effects of the defendants, and not out of the partnership property.

[Tucker v. Henderson's Adm'r.]

The Circuit Court overruled the motion. This suit is not governed by section 2904 of the Code. That section contemplates a suit against the partnership, in its partnership name merely, without naming the individual members composing the firm. In this case, the individuals are named, and sued as such. The individual property of each partner is liable to seizure in satisfaction of this judgment.

We have said this much, because the assignments of error show that the intention of the appeal was to obtain a review of the judgment overruling the motion to quash the execution. The appeal bond describes and supersedes the principal judgment rendered in the cause at the September term, 1877. There does not appear to be any error in the record of that judgment. None has been pointed out, and we have found none.

The judgment is affirmed.