# Yarbrough & Co. v. Bush & Co.

### *Attachment against Partnership.*

1. *Action against partnership by its firm name; effect of judgment.* When action is commenced under the statute (Code of 1876, § 2904), against a partnership by its firm name, without naming the individual partners, and a judgment is rendered against the firm as such, an execution issued on such judgment can only be levied on the partnership property. The action is, therefore, somewhat in the nature of a proceeding *in rem* rather than *in personam*.

2. *Same; plea of coverture no defense.*—While a married woman can not incur any personal liability by contract, and her coverture is a defense to any action brought to enforce against her a personal liability growing out of a contract made while she is under that disability; yet a plea of coverture is no defense to an action brought under the statute against a partnership by its firm name, of which she was in fact a member, as the effect of such action is not to enforce a personal liability, or to obtain a personal judgment against her.

APPEAL from Geneva Circuit Court.

Tried before Hon. H. D. CLAYTON.

This suit was commenced by attachment against C. S. Yarbrough & Co., a partnership, by its firm name, without stating in the affidavit, bond, writ or complaint the names of the individuals composing the firm. The attachment was levied on a stock of goods, wares and merchandise " of the said firm of C. S. Yarbrough & Co." The record fails to disclose on whom the notice of the attachment was served; and the only appearance was by Julia A. Flemming, a married woman, who pleaded that at the time of making the contract sued on (which was for goods, wares and merchandise sold by the appellees to the appellants), she was a married woman, "and had been continuously up to the present time, and is now a married woman." This plea, on the motion of the appellees, was stricken from the file, and the cause was then tried on the general issue, and resulted in a jury and verdict for the appellees.

The ruling of the Circuit Court on the plea of coverture is here assigned as error by the appellants, and also separately by Mrs. Flemming.

[Yarbrough & Co. v. Bush & Co.]

W. D. ROBERTS, for appellants. (No brief came to the hands of the reporter.)

W. E. BROWN, and C. H. LANEY, *contra.*—The court did not err in striking from the file the plea of coverture, because the suit is against the *firm* of C. S. Yarbrough & Co., and the attachment was levied on partnership property. The judgment is not against Mrs. Flemming individually, but against the firm; and, therefore, the firm's property only is liable for its satisfaction.—Code of 1876, § 2904, and authorities cited in note.

SOMERVILLE, J.—It is provided by section 2904 of the present Code, 1876, that *partners*, associated together in any business or pursuit, who transact business under a common name, whether it comprise the names of such persons or not, "may be sued by *their common name*, and the summons in such case being served on one or more of the associates, the judgment in the action *binds the joint property of all the associates*, in the same manner as if all had been named as defendants, had been sued upon their joint liability, and served with process."

The present suit was brought under this section, by the appellees against the appellants, under their common or firm designation of "C. S. Yarbrough & Co." A married woman, one Mrs. Julia Flemming, constitutes one of the members of this partnership, who are thus sued as defendants. The question presented is, whether she can set up her coverture by plea in defense of the action. Our judgment is very clearly that she can not.

When an action is instituted, under the provisions of this statute, against a partnership by its firm name, without naming the individual partners who comprise it, and a judgment is rendered against the firm as such, an execution issued on the judgment can only be levied on the partnership property. It will not bind the property of the several individual partners. The action is, therefore, somewhat in the nature of a proceeding *in rem* rather than *in personam.*—*Haralson v. Campbell,* 63 Ala. 278; *Moore v. Burns,* 60 Ala. 269; *McCoy v. Watson,* 51 Ala. 466; *Wyman, Moses & Co. v. Stewart,* 42 Ala. 163.

It is true that a married woman has no power of entering into any kind of contract on her own behalf, so as to incur any personal legal liability. Being under legal disability, her contracts are void, except so far as authorized by statute, and the plea of coverture is fatal to any action on them brought with the view of enforcing a *personal liability* against her. But there is no effort here to hold Mrs. Flemming to a personal liability, or to obtain a personal judgment against her. The judgment authorized by the statute is one against the partnership,

[Tuttle v. Walker.]

and it can bind only the partnership property. The plea of coverture was no defense to the action, and the Circuit Court did not err in ordering it to be stricken from the file.

Let the judgment be affirmed.