# Ladiga Saw-Mill Company *v.* Smith.

*Action on Promissory Note, by Payee against Makers.*

1. *Plea of non est factum; when necessary.*—In an action against the individual members of a partnership, describing them as doing business under the partnership name, and founded on a promissory note executed by one of the partners in the firm name; unless the execution of the note is denied by a sworn plea (Code, § 3036), it is admissible as evidence without any proof of its execution.

2. *Action against partnership, and against partners individually; service of process, and recitals as to appearance; amendment of clerical misprision.*—In an action against a partnership by its firm name only, process being served on one or more of the partners, a judgment may be rendered against the partnership, which will bind the joint property of all the associates (Code, § 2904); but, when the individual partners are named

as defendants, though they are described as doing business under the partnership name, judgment can only be rendered against those who are served with process, and a recital of the appearance of the parties will be construed to apply only to those who are shown to have been served with process; and if judgment is entered against all, the error will be regarded as a clerical misprision, and will be amended at the costs of the appellants.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by J. H. Smith, against T. P. Beckwell, J. C. Graham and James H. Savage, who were described as "doing a saw-mill business at Ladiga, Alabama, under the partnership name of the Ladiga Saw-Mill Company;" was founded on a promissory note under seal for $147.70, alleged to be executed "by the defendant to said plaintiff, on the 23d July, 1883, and due the 1st October, 1883;" and was commenced on the 12th July, 1884. Process was served on Savage and Graham, but returned not found as to Beckwell. The defendants who were served appeared, and pleaded the general issue and payment. On the trial, as the bill of exceptions states, the plaintiff offered in evidence the note on which the suit was founded, which was signed, "LADIGA SAW-MILL CO., *per* J. C. Graham, for the company." The defendants objected to the admission of this note as evidence, "because it is illegal and irrelevant," and "because it is not made or signed by the defendant;" and they excepted to its admission against their objections. This being all the evidence, the defendants requested the court to charge the jury, "that they must find the issue in favor of the defendants, if they believed the evidence;" and they excepted to the refusal of this charge. The judgment-entry sets out the name of all the defendants, and describes them as they were described in the summons and complaint; recites the appearance of "the parties" by attorneys, and renders judgment against "the defendants."

The admission of the note as evidence, the refusal of the charge asked, and the judgment of the court, are now assigned as error.

G. C. ELLIS, and MATTHEWS & DANIEL, for appellants.

SOMERVILLE, J.—The note introduced in evidence purported to be executed by J. C. Graham, one of the defendants, in the name of the "Ladiga Saw-Mill Co."; and the action is against the defendants as individuals, doing business under the firm name and style as a partnership.

The note being the foundation of the suit, and its execution not being denied by a sworn plea of *non est factum*, it was properly received in evidence without any proof of its execu-

[Ladiga Saw-Mill Co. v. Smith.]

tion. Such is the rule of evidence expressly prescribed by statute.—Code 1876, § 3036 ; *Palmer v. Scott*, 68 Ala. 380.

The record shows service only on two of the defendants, Graham and Savage, who alone pleaded to the action. The summons was returned not found as to the defendant Beckwell. Where this is the case, although the record contains a general recital that "the parties came by their attorneys," and the names of all are stated in the margin of the judgment-entry, the presumption on error is, that there was an appearance only by such of the defendants as were served, the recitals being fully satisfied by this construction of the record.— *Williams v. Lewis*, 2 Stew. 41 ; *Graham v. Roberds*, 7 Ala. 719.

If the suit were against the partnership by its firm or common name, without naming the individual members composing it, service of process upon any one or more of the alleged partners would authorize the rendition of a judgment against the firm, as such, which would bind the joint property of all the associates, by virtue of the provisions of the statute.—Code, 1876, § 2904 ; *Haralson v. Campbell*, 63 Ala. 278. But, when, as here, the suit is not against the partnership by its common name, but against the individuals constituting the partnership, it is erroneous to render judgment against such defendants as are not served with process. The point was so expressly ruled in *Shapard v. Lightfoot*, 56 Ala. 506, where the judgment was reversed and the cause remanded. In *Savage v. Walshe*, 26 Ala. 619, a similar error was held to be clerical, and the judgment was declared not to bind any other persons than those who were before the court. But, under the influence of section 3154 of the Code—which then constituted section 2401 of the Code of 1852—it was held that the error could have been rectified in the court below, and no motion having been made and refused to that end, a reversal on that ground was refused.

The better practice in such cases seems to us to be, to correct the error complained of, at the cost of the appellant, in this court, and to affirm the judgment as thus corrected ; which is ordered to be done accordingly.