[Comer & Trapp v. Reid.]

# Comer & Trapp *v*. Reid.

### *Petition for Supersedeas of Execution.*

1. *Action against partnership; death of partner.*—In an action against a partnership by its firm name only (Code, § 2605), the death of one of the partners does not require a revivor of the suit, nor prevent a judgment by default or *nil dicit*.

APPEAL from the City Court of Anniston.

Tried before T. R. MATTHEWS, as special judge.

This was a petition by Mrs. Louisa Reid and others, for the *supersedeas* of an execution against them on a judgment in favor of Comer & Trapp. The court overruled a demurrer to the petition, and the judgment thereon is now assigned as error. The opinion states the facts on which the proceeding was based.

BLACKWELL & KEITH, for appellants, cited *Summerhill v. Trapp*, 48 Ala. 363; *Mervine v. Parker*, 18 Ala. 241; *Matthews v. Robinson*, 20 Ala. 130; *Mudge v. Treat*, 57 Ala. 1; *Yarborough v. Bush*, 69 Ala. 170.

GORDON MACDONALD, *contra*, cited *Saltmarsh v. P. & M. Bank*, 17 Ala. 761; *U. S. Bank v. McLaughlin*, 2 Or. 20; *Andrews v. Brown*, 27 Ala. 437; *Stewart v. Nuckolls*, 15 Ala. 225; 2 Lindley on Partnership, 665, 1044; *Hood v. Br. Bank*, 9 Ala. 335; 40 Ala. 247, 596.

STONE, C. J.—It is certainly true, as a general proposition, that the death of one partner *ipso facto* dissolves the partnership.—*Espey v. Comer*, 76, Ala. 501; *Davis v. Sowell*, 77 Ala. 262; Lindley on Partnership, 993.

The present suit was instituted by Comer & Trapp against a partnership known as N. H. Reid & Co. The partnership was composed of two members, but their names were not shown in the proceedings. The suit was against the firm in its firm name, under section 2605 of the Code of 1886, which is in the following language: "Two or more persons associated together as partners in any business or pursuit, who transact business under a common name, whether it comprise the names of such persons or not, may be sued by their common

[Comer & Trapp v. Reid.]

name; and the summons in such case being served on one or more of the associates, the judgment in the action binds the joint property of all the associates in the same manner as if all had been named defendants, had been sued upon their joint liability, and served with process."

The suit in this case was commenced by original attachment, which was levied on merchandise, alleged to be the property of the said firm of N. H. Reid & Co. Louisa Reid interposed a statutory claim to the property under sections 3004–3012 of the Code of 1886. A trial of the right of property was had, and it was adjudged to be subject to the attachment.

The attachment suit of *Comer & Trapp v. N. H. Reid & Co.* was not defended, and plaintiffs recovered a judgment for the amount of their claim. No suggestion of the death of either of the defendants appears to have been made, but the petition for *supersedeas* avers that before judgment James T. Reid, one of the members of the mercantile partnership of N. H. Reid & Co., had died. The judgment-entry affirms as follows: "Come the plaintiffs by attorneys, and the defendants by N. H. Reid, one of the firm of N. H. Reid & Co.; ` . . . , and the cause being submitted to the court without the intervention of a jury, and the court having heard the evidence, and defendants saying nothing in bar to preclude the plaintiffs' right of recovery, it is considered by the court that the plaintiffs . . have and recover of the defendants the sum of," &c.

Execution being issued on this judgment, Louisa Reid, the claimant, failed to deliver to the sheriff the merchandise attached, within the thirty days, and he thereupon returned the claim bond forfeited. Another execution was then issued against the claimant and her sureties on the claim bond; whereupon the present *supersedeas* proceedings were instituted.—Code, § 3008.

The contention of petitioners—Louisa Reid and her sureties —is, that the death of one of the partners put an end to the partnership by dissolving it; that the judgment rendered afterwards against the firm was void, and that the return of forfeiture on the claim bond, and issue of execution upon such return, were without authority of law. On these grounds petitioners rest their right to have the execution quashed.

Our statute, Code, § 2605, is a very peculiar one. While it requires process to be served on one or more of the defendants, yet no personal judgment is rendered against the individuals composing the partnership; nor can the property or effects of the individual members composing the firm be reached by execution, or any other process, sued out for the collection of

such judgment.　Only the partnership effects can be reached or subjected by such suit.　These are much more the properties of a proceeding *in rem,* than of a suit *in personam.*— *Yarbrough v. Bush,* 69 Ala. 170; *Watts v. Rice,* 75 Ala. 289; *Ladiga Saw Mill Co. v. Smith,* 78 Ala. 108; *Haralson v. Campbell,* 63 Ala. 278; *McCoy v. Watson,* 51 Ala. 466; *Wyman v. Stewart,* 42 Ala. 163.

The statute we are considering makes no provision for a revivor, in the event one of the partners dies, and it would be strange if it contained such provision.　A revivor would change the whole nature of the suit, and transform it from a proceeding solely against partnership effects, into a personal action and personal judgment against the surviving partners, individually as well as collectively.　We thus encounter this alternative: When suit has been instituted against a partnership in the "common name," and one of the partners dies, either the suit abates altogether, without any possibility of placing it in such shape as to obtain a judgment, or the death of one of the partners has no effect in its further prosecution.　The latter horn of the dilemma is in so much better harmony with conservative and sound judicial administration, accords so much better with the presumed legislative intent, that we do not hesitate to adopt it.　The demurrer to the petition for *supersedeas* ought to have been sustained.

Reversed and remanded.