# Baldridge *et al. v.* Eason.

### *Bill in Equity to Enjoin the Levy of an Execution.*

1. *Judgment against a partnership.*—In a suit where the defendant is described in the caption of the complaint as B., M. & H. "a firm composed of" certain individuals, and there is nothing in the body of the complaint to show that the members of the firm are sued, and the summons to the defendant follows the caption of the complaint, a judgment rendered therein is against the partnership as a firm, as provided by section 2605 of the Code, and is not joint and several in its legal effect, as provided in section 2604 of the Code.

2. *Same; execution thereon.*—An execution issued upon a judgment recovered against a firm only, as provided in section 2605 of the Code, can be levied only on the property of the firm.

3. *Injunction to prevent levy upon individual property of an execution issued upon a judgment against a partnership.*—A bill filed to enjoin a sheriff from the threatened levy upon the individual property of the members of a partnership of an execution issued upon a judgment recovered against the firm only, is without equity; a court of law being invested with full authority to prevent an abuse of its process, and being able to give ample redress.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed by the appellants, William F. Baldridge and Chas. H. Halsey, against the appellee, John Thomas Eason ; and sought to have the sheriff enjoined from the levy of an execution issued on a judgment recovered by said Eason against the firm of Baldridge, Murray & Halsey.

The bill alleges that the respondent, John Thomas Eason, sued the partnership of Baldridge, Murray & Halsey in the Circuit Court of Madison county, and recovered in said suit a judgment by default against the said firm, and that the sheriff, under the levy of an execution issued on said judgment, was about to levy said execution upon the goods, chattels and property of the complainants individually. The caption of the complaint, the summons to the defendant, the judgment rendered, and the execution thereon are sufficiently stated in the opinion. The bill further alleged that the complainants had no notice of the suit, never having been served with a summons and complaint, and that they had a complete legal defense to the same, which alleged defense was set out at length in the bill. The respondent de-

[Baldridge et al. v. Eason.]

murred to the bill, and moved to dismiss the same for the want of equity, and also moved to dissolve the temporary injunction. The chancellor sustained the demurrer, and granted each of the said motions. The complainants appeal, and assign as error this decree of the chancellor.

WILLIAM RICHARDSON, for appellants, cited Daniels Ch. Prac. (3d Ed.) pp. 1845-7; Hicks Ch. Prac. (Tenn.) p. 331; *Ridgeway v. The Bank*, 11 Humph. 523; *Bell v. Williams*, 1 Head, 60 and 230; 2 Sneed, 435; 4 Heisk. 671; 7 Heisk. 419; 10 Heisk. 611; 1 Coopers Ch. 135; 3 Coopers Ch. 51; 1 Thomps. Cases, 135; 86 Tenn. 228; High on Injunctions, Vol. I, p. 163; *Windsor v. McVeigh*, 93 U. S. 274; 10 Am. & Eng. Encyc. of Law, p. 884, § 29; *Johnson v. Christian*, 128 U. S. 374; Bispham's Principles of Equity, §§ 407-414.

D. D. SHELBY and S. S. PLEASANTS, *contra*, cited *Haralson v. Campbell*, 63 Ala. 278; *Beadle v. Graham*, 66 Ala. 102; 1 High on Injunctions, § 175, and cases there referred to.

COLEMAN, J.—One of the main questions presented by the record, is whether the judgment recovered by appellee Eason in the Circuit Court against the firm of Baldridge, Murray & Halsey was joint and several in its legal effect as provided in section 2604 of the Code, or a judgment against the firm only as provided in section 2605 of the Code.

We are of the opinion that the pleading and the judgment entry show that the judgment was rendered against the partnership as such only. In the caption of the complaint, the parties are stated as follows:

John Thomas Eason, Plaintiff,

vs.

Baldridge, Murray & Halsey, a firm composed of W. F. Baldridge, Charles H. Halsey and A. F. Murray, defendants.

There is nothing in the body of the complaint to show that the members of the firm are sued. The summons is as follows: "You are hereby commanded to summons Baldridge, Murray & Halsey, a firm composed of," &c.

Under our statutes, a suit against William F. Baldridge, A. F. Murray, and Charles H. Halsey, constituting the firm of, or doing business as partners under the name of Baldridge, Murray & Halsey, is very different from a suit against, Baldridge, Murray & Halsey, a partnership composed of, &c. The character of the summons to be issued and the effect of service of summons is quite different. A service of the

summons issued in this case, served upon either member of the firm, authorized the rendition of judgment against the partnership under section 2605 of the Code ; but to authorize the recovery of a several as well as joint judgment, as provided in section 2604, it was necessary to frame the complaint against them individually as members of the firm, and to direct the summons as set out in the complaint, and to execute a copy of the summons and complaint upon each of the defendants.   Where the complaint is filed against the defendants as members of the firm, no judgment can be rendered against those not served.

Although sued as members of the firm, any evidence of debt by contract, which would be admissible in a suit against the firm by its common name, would be admissible against them.—*Ladiga Saw Mill Co. v. Smith*, 78 Ala. 108 ; *Shapard v. Lightfoot*, 56 Ala. 506.   The judgment itself in terms in this case is a judgment against the partnership only.

The style of the case on the docket is:

     John Thomas Ea~on, ⎫
1961         vs.       ⎬
     Baldridge, Murray & Halsey. ⎭

The judgment entry is as follows :   "Comes the plaintiff by attorney, and the *defendant*, being solemnly called into court, came not but made default.  ·  ·  ·   It is considered by the court that the plaintiff have and recover of the *defendant*,". &c.   Very different results follow when the members of the firm are sued and judgment recovered, and when the firm is sued by its firm name only and the judgment is against the firm.   In the former, upon proper service of summons and complaint, both the joint and individual property of the members is subject to execution issued upon the judgment.   In the latter, only the joint or firm property is subject to execution. The statute (Code, § 2605) is rather peculiar, but such has been its uniform construction.—*Comer & Trapp v. Reid*, 93 Ala. 391; *Haralson v. Campbell*, 63 Ala. 278; *Yarbrough v. Bush*, 69 Ala. 170; *Watts v. Rice & Wilson*, 75 Ala. 289; *Shapard v. Lightfoot*, 56 Ala. 506.

The execution which issued upon the judgment follows the judgment.   Its mandate to the sheriff is, "That of the goods and chattels, lands and tenements of Baldridge, Murray & Halsey, defendants, you cause to be made," &c.

The bill charges that the sheriff is about to levy the execution upon the property of the complainants.   It denies that they or either of them was served with notice of the suit in the Circuit Court, or that they had notice of the pendency of that suit, denies laches, and sets out facts, for

the purpose of showing they have a meritorious defense to the action at law. The bill prays for an injunction. It admits service of copy of summons and complaint upon Murray, the other member of the firm of Baldridge, Murray & Halsey, and the return of the sheriff shows this to be true. The fraud or undue advantage is alleged in the recovery of the judgment at law. Service on one member of the firm was sufficient to authorize the rendition of the judgment.—Code, § 2605, and authorities *supra*. The ground of relief, as stated in the bill, is that plaintiffs were not served with notice. This was unnecessary. The bill is filed under a misapprehension of the character of the judgment rendered in the Circuit Court. Under this judgment, and under the execution in the hands of the sheriff, no levy can be made on other than the property of the firm. The simple fact that the sheriff threatened, or is about to commit a trespass on their property, is not cause for equitable interference. The Circuit Court is invested with full authority to prevent an abuse of its process.—Code, § 2864. Under the facts of the case, the courts of law afford ample redress. There is no equity in the bill, and the court did not err in so holding.

Affirmed.