[McKissack v. Witz, Biedler Co.]

# McKissack *v.* Witz, Biedler Co.

*Attachment Suit.*

1. *Attachments; amendment of affidavit, writ and bond;· partnership.* When in a suit commenced by attachment, the affidavit sets forth a debt due plaintiff from a certain named party, and the bond and writ follow the affidavit—the bond being conditioned to pay damages to said named party alone and the writ being directed only against his estate—an amendment of the affidavit, bond and writ by inserting therein before the name of the party as originally set down in each, his name and that of another party "doing business under the firm name of" the original party defendant, does not convert the action from one against the original party individually to one against a partnership composed of the two persons named in the amendment, but from one against said first named party individually and solely to one against him and the other party as individuals; and the effect of such amendment being merely to add a new party defendant to the action, is within the authorization of the statutes as to pleadings, (Code of 1896, §§ 3304, 3331), and as to affidavits, bonds and writs of attachments (Code, § 564).

2. *Pleading and practice; admissibility of evidence of partnership.*—In an action against two named persons described in the pleadings as 'doing business under a firm name, being a suit not against a partnership but only against the individuals described as doing business under a common name, the burden is upon the plaintiff seeking judgment against each of the individuals, to show that each owed the debt; and, therefore, it is competent for one of the defendants, after having testified that he never had any transaction with the plaintiff and owed him nothing, to further testify that he was not a partner of the other defendant, either at the time, before or since the transaction involved in the suit; and this is true, even in the absence of a plea by said defendant denying the existence of the partnership between him and the other party defendant.

3. *Appeals; when assignment of error disregarded.*—On appeal, an assignment of error made jointly by two defendants as to a matter which was prejudicial to only one of them, is not available to the party prejudiced and will be disregarded.

4. *Action against two parties jointly ; giving of general affirmative charge.* In an action against two named parties jointly, described as do-

[McKissack v. Witz, Biedler Co.]

ing business under a firm name, where the evidence showed that one of the parties was liable, but the other party testified that he did not owe plaintiff anything, and never for himself or with another, or by agent, bought anything from plaintiff, and was not, in any way, indebted to plaintiff, it is error for the court to give the general affirmative charge in favor of the plaintiff against both of the defendants.

5. *Pleadings and practice; appeals; failure to set out all the evidence in the bill of exceptions.*—Where the rulings of the trial court are erroneous on the evidence set forth in the bill of exceptions, without regard as to whatever evidence might have been introduced upon the trial of the case, it is immaterial that the bill of exceptions does not purport to set out all the evidence, and such error being prejudicial to the appellant, will work a reversal of the judgment.

6. *Same; same.*—The rulings copied in the transcript of a case on appeal from bench notes made on the trial docket, and not appearing in any formal judgment, are not reviewable on appeal as part of the record proper.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

The appeal in this case is prosecuted by S. J. McKissack and B. L. McKissack from a judgment rendered against them in favor of the appellee. The facts necessary to an understanding of the decision on this appeal are sufficiently stated in the opinion.

The appellants jointly assigned as error the several rulings of the trial court upon the pleadings; but there is contained in the transcript no formal judgment entry of the trial court. R. L. McKissack separately assigned as error the giving of the general affirmative charge in favor of the plaintiff.

R. H. WALKER and ESPY & FARMER, for appellants. The court erred in allowing the amendment of the affidavit, bond and writ of attachment. The amendments made an entire change of parties, and were, therefore, not allowable.—*Sims v. Jacobson*, 51 Ala. 185; *Bachus v. Mickle*, 45 Ala. 445; *Flournoy v. Lyon*, 70 Ala. 308.

The evidence tended to show that R. L. McKissack had never been a partner of S. J. McKissack, and that he did not owe the account sued on, nor any portion thereof. In order for the plaintiff to recover, it was

[McKissack v. Witz, Biedler Co.]

necessary for it to prove the correctness of the account sued on, and also that the defendants were partners.—2 Greenleaf, § 483 ; *Tomlinson v. Collett*, 3 Blackford, 436 ; *Mudge v. Treat*, 37 Ala. 1.

G. L. COMER, W. W. SANDERS and H. A. PEARCE, *contra.*—As to matters of record proper, the judgment entry must control.—*Danforth v. Tenn. & Coosa R. R. Co.*, 93 Ala. 614 ; *Courie v. Goodwin*, 89 Ala. 571. Pleadings appearing only in the bill of exceptions will be disregarded.— *Idum v. Rutledge &c. R. R. Co.*, 94 Ala. 488. The court's ruling on a motion to reject a plea because not filed within the statutory time, is a judgment which should appear in a judgment entry in the record.—*U. S. Roll. Stock Co. v. Weir*, 96 Ala. 396. Pleadings and the decisions of the court thereon will not be reviewed, when the only evidence of their existence and the action of the court thereon, is a recital in the bill of exceptions.— *Petty v. Dill*, 53 Ala. 641 ; *Buckley v. Wilson*, 56 Ala. 393 ; *Sternau v. Marx*, 58 Ala. 608 ; *Morgan v. Wing*, *Ib.* 301 ; *Ex parte Knight*, 61 Ala. 482.

Joint assignments of error prejudicial to some of the appellants only, will be disregarded.—*Hillens v. Brinsfield*, 113 Ala. 304 ; *Kimbrell v. Rogers*, 90 Ala. 339 ; *Rudulph v. Brewer*, 96 Ala. 189. The court will not presume in order to put lower court in error that answers to questions to which objection was made by plaintiff and sustained by the court, would have been legal evidence.—*Burgess v. Mortgage Co.*, 115 Ala. 468 ; *Bedwell v. Bedwell*, 77 Ala. 589 ; *Perry v. Danner*, 74 Ala. 485.

McCLELLAN, C. J.—Witz, Biedler & Co. instituted this action, December 13, 1892, by attachment against S. J. McKissack alone ; the affidavit setting forth a debt due from him by account to the plaintiff, and affirming that he had fraudulently disposed of his property. The bond and writ followed the affidavit : the bond was conditioned to pay damages etc. to him alone, and the writ was directed only against his estate. On March 25, 1893, the following memorandum or entry was made by the judge or court : "The plaintiff has leave to amend attachment, bond and writ, which is done in red ink."

The amendment here intended and referred to consisted in inserting in the affidavit, bond and writ before the name of S. J. McKissack as originally set down in each, the following: "S. J. McKissack and R. L. McKissack doing business under the name of;" so that with the amendment in the affidavit, bond and writ, the action stood against S. J. McKissack and R. L. McKissack doing business under the name of S. J. McKissack. The effect of this amendment was merely to add a new party defendant to the action. It was not to convert the action from one against S. J. McKissack individually to one against a partnership composed of S. J. and R. L. McKissack, but from one against S. J. McKissack individually and solely to one against him and R. L. McKissack as individuals; the added words, "doing business under the name of S. J. McKissack," being merely descriptive of the persons of the defendants or of the relation existing between them.—*Baldridge n. Eason*, 99 Ala. 516; *Blackman v. Moore-Handley Hardware Co.*, 106 Ala. 458; *Ladiga Saw Mill Co. v. Smith*, 78 Ala. 108; *Shapard et al. v. Lightfoot*, 56 Ala. 506. Such an amendment is clearly within the authorization of the statutes as to pleadings, (Code, §§ 3304, 3331), and as to the affidavit, bond and writ in attachment.—Code, § 564.

The complaint filed in the cause follows the affidavit and writ as amended, and is against "S. J. McKissack and R. L. McKissack doing business under the name of S. J. McKissack," and claims of them in the plural as "defendants;" and thus the case stood to the end. The court having stricken a plea filed by R. L. McKissack denying the existence of a partnership, the trial was had on the general issue. Of course the burden was on the plaintiff to prove his alleged debt. It may be admitted that this was done as against S. J. McKissack, and that plaintiff was, therefore, entitled to verdict and judgment against him. There was, however, no evidence that R. L. McKissack ever owed this debt or any part of it to the plaintiff. His liability was rested by the trial court on the theory that he was a partner of S. J. McKissack at the time and in the business in which the debt was contracted. And this conclusion of the existence of such partnership was arrived at by assuming that the fact could not be put in issue by R. L. McKissack under

this complaint except by special plea denying its existence. And the court, having stricken such special plea, because, as is insisted, it was not seasonably filed, declined to admit any evidence going to show that R. L. was not a partner of S. J. McKissack. This was clearly and palpably erroneous. The suit not being against a partnership by its firm or common name, but only against individuals described as doing business under a common name, it was upon the plaintiff, seeking judgment against each of the individuals, to show that each owed the debt. This might have been done either by showing that each actually contracted the obligation to pay, or that one only actually participated in the transaction by which the indebtedness accrued, but that the other was his partner in respect of that transaction. And it was clearly competent for the defendant, R. L. McKissack, to testify, as he was allowed to do, that he never had any transaction with the plaintiff firm and owed it nothing, and also, that he was not a partner of S. J. McKissack at the time of the transaction, before nor since, which the court would not allow him to do. Such testimony was not in denial of the capacity in which he was sued, for he was not sued as a partner but as an individual; and its exclusion cannot be justified on the doctrine which obtains where the defendant is sued in some special capacity, to the effect that such capacity can be put in issue only by special plea (*Espalla v. Richardson*, 94 Ala. 159), even if that principle is applicable to suits against a partnership at all. The error of the court in excluding this evidence, however, is not presented here so as to be available to R. L. McKissack. The ruling of the court in this regard was clearly not of injury to the defendant, S. J. McKissack. It is assigned here jointly by both of the defendants. Under these circumstances, R. L. McKissack, who alone was prejudiced by the ruling, can take nothing by the assignment.—*Kimbrell v. Rogers*, 90 Ala. 339; *Rudulph v. Brewer*, 96 Ala. 189; *Hillins v. Brinsfield*, 113 Ala. 394. But, as has been indicated, R. L. McKissack was allowed to testify ''that he never owed plaintiff a cent in his life, that he never for himself or with another bought anything from

[McKissack v. Witz, Biedler Co.]

plaintiff or authorized any one else to buy anything from plaintiff, nor was he ever in any manner indebted to plaintiff.'' With this evidence in the case, the court gave the affirmative charge for the plaintiff against both defendants. This was erroneous, no matter what other evidence was introduced. So it is of no consequence that the bill of exceptions does not purport to set out all the evidence. And the action of the trial court in giving this instruction is separately assigned as error by R. L. McKissack in this court on leave granted to sever in the assignment. This ruling is, therefore, properly presented for review, and on account of it the judgment of the circuit court must be reversed.

All other assignments of error are made jointly by the appellants. On the evidence in the bill of exceptions—and we will not presume there was other evidence for the purpose of putting the lower court in error—plaintiff was entitled to the affirmative charge against S. J. McKissack. On this state of case, the rulings assigned would not be of injury to him, and though they be erroneous, would not avail to reverse the judgment at his instance. On the principle stated above, we cannot reverse those rulings, assigned as they are jointly by both appellants and lacking in prejudice to one of them.

Moreover, for the most part these rulings could not be reviewed on this record if separately assigned, for that they either should be shown by the bill of exceptions, and, in fact, appear only by the record proper, or belonging to the record proper, they are attempted to be shown here only by copying into the transcript the bench notes made by the judge on the trial docket, and do not appear in any formal judgment of the court.

Reversed and remanded.