# Steiner Bros. *v.* Stewart.

### *Action of Trover.*

1. *Amendment of complaint; when there is a change of parties defendant.*—In an action against "S. & B. doing business as S. Bros.," an amendment of the parties defendant by eliminating the parties defendant as originally contained in the complaint and substituting in their stead as a party "S. Bros., a corporation," is the introduction of an entirely new party defendant; and such amendment is improperly allowed.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action of trover brought by the appellee, Mrs. M. S. Stewart, against the appellant. From a judgment in favor of the plaintiff the defendant appeals. The only ruling of the lower court which is reviewed on the present appeal was based upon the court's overruling the defendant's objection to the allowance of the amendment to the complaint. The facts in rerefence to this ruling are sufficiently stated in the opinion.

TROTTER & ODELL for appellant; cited *Ex parte Collins,* 49 Ala. 69; *Davis Ave. R. R. Co. v. Mallon,* 57 Ala. 168; *Western R. Co. v. McCall,* 89 Ala. 375; *Leaird v. Moore,* 27 Ala. 326; *Berry v. Ferguson,* 58 Ala. 314; *Vinegar Bend Lumber Co. v. Chicago, etc.,* 131 Ala. 411.

ESTES & SMITH, *contra,* cited *Kuhl v. Long,* 102 Ala. 563; *McConnell v. Worns,* 102 Ala. 588.

TYSON, J.—This suit originated in a justice court, and was brought against "Sig Steiner and Bernard Steiner doing business as Steiner Bros. and Alex Dallas." This is shown both by the summons and the caption to the complaint. Before trial in justice court,

[Steiner Bros. v. Stewart.]

plaintiff amended her complaint by striking out Dallas as a party defendant, leaving it as a complaint against the two named Steiners doing business as Steiner Bros. After appeal to the city court, she again amended her complaint the effect of which was to eliminate as parties defendants Sig and Bernard Steiner doing business as Steiner Bros. and to substitute in their stead as a party, Steiner Brothers, a corporation.

The point was made in the court below, by proper objection, and is urged here that the amendment wrought an entire change of parties. The suit was clearly one against the two Steiners as individuals and not against Steiner Brothers, a partnership, if it be conceded that the averment sufficiently shows that Sig and Bernard Steiner were partners doing business under that firm name.—*Compton v. Smith*, 120 Ala. 233; *Baldridge v. Eason*, 99 Ala. 516; *Blackman v. Moore-Handley Hardware Co.*, 106 Ala. 458; *Bolling v. Speller*, 96 Ala. 269; *Ladiga Saw-Mill Co. v. Smith*, 78 Ala. 108; *Shapard v. Lightfoot*, 56 Ala. 506. We have then to deal with an amendment that eliminates the only two parties defendand and inserts in their place an entirely different party, a corporation. It is clear this cannot be done. For the words after the names "Sig Steiner and Bernard Steiner," the only parties sued, to-wit: "doing business as Steiner Bros." were merely *descriptio personae* of Sig and Bernard Steiner, and, therefore, not material. The effect of the amendment was, as we have said, to strike out the only parties sued and leave the description—the immaterial part—and to add an entirely new party defendant. The case, therefore, is not within the principles as applied in *Ex parte Nicrosi*, 103 Ala. 104, where descriptive words were eliminated by amendment and other descriptive words were substituted, but directly within the principles declared in *Davis Ave. R. R. Co. v. Mallon*, 57 Ala. 168; *Western R'y of Ala. v. McCall*, 89 Ala. 375; *Vinegar Bend Lumber Co. v. Chicago Title & Trust Co.*, 131 Ala. 411, and *Hallmark v. Hopper*, 119 Ala. 78.

Reversed and remanded.