# Weinstein, *et al. v.* Citizens Bank.

## *Assumpsit.*

(Decided October 26, 1915.  69 South. 972.)

1. *Partnership; Action Against Partners; Pleading; Complaint.*— Where the action was against partners on a note, and the caption of the complaint described defendants as "Weinstein Brothers, and L. Weinstein and E. Weinstein, trading under the firm name of Weinstein Brothers," and as originally filed, the first and second counts averred that the note sued on was executed by "defendants," and the third count averred that the note was executed by "Weinstein Brothers" and the complaint was afterwards amended before trial by adding to each count the averment that the note sued on was executed by "Weinstein Brothers," the complaint was demurrable for

[Weinstein, et al. v. Citizens Bank.]

uncertainty as to whether there were two firms or one firm being sued, and whether the Weinstein Brothers who adopted the firm name of L. Weinstein were identical with the partnership composed of L. Weinstein and E. Weinstein, doing business under the firm name of Weinstein Brothers.

2. *Same.*—Where it is the intention of the party suing to so sue as to subject the individual property of the partners, as well as the firm property, to any judgment, the suit should be against the part-ners individually by name, described as partners in business trading under the firm name, or against the firm by name described as a partnership composed of the partners and the individuals composing the firm, naming them.

3. *Same; Evidence.*—In a suit against a partnership seeking to subject the individual property of the partners, as well as firm property, to any judgment, and so joining those firms and partners as parties, any evidence of debt by contract admissible in a suit against a firm by the common name alone is admissible.

4. *Bills and Notes; Non-Negotiable; Defenses.*—Where the promissory note is non-negotiable, the fact that it was not supported by a consideration for its execution, or that any consideration therefor fails, or that there was breach of warranty as to the subject of the transaction in which the note was given, and out of which the consideration arose, or that there was alteration of the contract, constitute good defense to a suit on such note.

5. *Same.*—As an answer to an action on a non-negotiable note a plea that there was no consideration for the execution of the note described in said complaint was good in form.

6. *Same; Bona Fide Purchaser; Pleading.*—The endorsee of a negotiable promissory note seeking protection as a bona fide purchaser against such secret defenses as lack of consideration, failure of consideration, breach of warranty or alteration, set up by the maker in answer to the endorsee's suit against him must plead his character as such bona fide purchaser either in his complaint, or failing therein, may set it up by replication.

7. *Same.*—As an answer to a suit on a note, a plea that the instrument was executed as part of an agreement between the A. Manufacturing Company, and defendants, and that instrument had been detached from said agreement. without the consent of defendant, was demurrable for failure to set out the substance of the contract detached from the note.

8. *Alteration of Instrument; Note; Contract.*—Where defendants executed the note in suit as part of an agreement to which it was attached, it was no defense that the note was detached from such agreement without defendant's consent, unless material alteration was made in the contract as executed.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Action by the Citizens' Bank against Weinstein Bros. and others trading under the firm name.    Judgment

for plaintiff, and defendants appeal. Reversed and remanded.

The complaint describes the notes as executed on May 14, 1911, and payable to the American Manufacturing Company, at Lexington, Tenn., in installments of $50 each, till paid (giving the respective dates). And plaintiff avers that said notes were duly transferred by the American Manufacturing Company to plaintiff for a valuable consideration before maturity, and is now their property. The complaint was afterwards amended by additional averments that the said notes were purchased by plaintiff from the American Manufacturing Company for a valuable consideration before maturity, in due course, without any notice of any defenses thereto, and the same was duly transferred by the American Manufacturing Company to plaintiff. The other matters concerning the complaint and the amendments thereto sufficiently appear in the opinion.

The following are the pleas referred to: (3) The American Manufacturing Company mentioned in the complaint is indebted to defendants in the sum of $500, for the breach of the condition of a bond or agreement made by said company and payable to defendant in the sum of $500, with condition that, in consideration of an order which defendants caused to be sent to the American Manufacturing Company for a piano contest, the said manufacturing company guaranteeing that the merchandise sale of defendant would increase $7,000 following the execution of the agreement in 12 months, over the sale for the 12 months next preceding the execution of said bond or agreement, and the defendants say that the condition of said bond or agreement has been broken by the American Manufacturing Company, in this, the merchandise sales of defendant were not so increased as provided in said bond or agreement, and

defendants here offer to set off the above amount against the claims of plaintiff.

(4) The claim of plaintiff is based upon an agreement between American Manufacturing Company and defendant, wherein defendants executed and gave an order to said American Manufacturing Company for a piano contest to be used in the mercantile business of defendants, and in said agreement the manufacturing company guaranteed to increase the sales of defendants $7,000 for 12 months thereafter, over the sales of the 12 months next preceding the making of said agreement, and defendants allege that said sales were not so increased, and that said guaranty or warranty was broken in the manner herein stated to their damage in the sum of $500, which amount they offer to set off against the claim of plaintiff.

(5) Same as 4.

(7) Defendants say that the instrument sued on was executed as part of an agreement between the American Manufacturing Company and the defendants, and that said instrument has been detached from said agreement without the consent of defendant.

This plea and plea 6 were sworn to, plea 6 being a plea of non est factum.

The grounds of demurrer noticed are as follows:

(3) Each count of complaint declares on a note governed by the commercial law and purchased by plaintiff in due course before maturity for a valuable consideration, without notice of any defenses thereto, and the facts set forth in said plea are not available, legal defenses to said note.

Grounds 4 and 5 were substantially the same as 3.

(6) The fact that the American Manufacturing Company entered into a contract with defendant and breached the same cannot be set up as a defense to this action.

(9) Each count of complaint shows that the note sued on is a negotiable note, governed by the negotiable instrument law, and that plaintiff became the purchaser and owner thereof before maturity, for a valuable consideration, in due course, without any notice of any defense thereto, and it is not alleged that plaintiff had any knowledge of the matters set forth in said plea.

GRAY & WIGGINS, for appellant.

McGREGOR & McGREGOR, for appellee.

BROWN, J.—(1) This is an action of assumpsit on a promissory note, and the defendants are described in the summons and the caption of the complaint as "Weinstein Bros., and L. Weinstein and E. Weinstein, partners trading under the firm name of Weinstein Bros." The first and second counts of the complaint as originally filed aver that the note sued on was executed by "the defendants," and the third count avers that the note sued on was executed by "Weinstein Bros." Before the trial was entered upon, the complaint was amended by separate paper filed, adding to each of the counts the following averments: "Plaintiff avers that the note sued on and mentioned in the first, second, and third counts of the complaint was executed and signed by Weinstein Bros., in their partnership or firm name L. Weinstein."

When these averments are construed together and most strongly against the pleader, there is an element of uncertainty as to whether there are two firms or one being sued, and as to whether the Weinstein Bros. who have adopted the firm name of "L. Weinstein" are identical with the partnership composed of L. Weinstein and E. Weinstein, doing business under the firm name of "Weinstein Bros.;" and hence an element of uncertainty as to who executed the note sued on. The demurrer to

the complaint was well taken and should have been sustained.

"An important requisite in all pleading is certainty. This requisite implies that the matter pleaded must be clearly and distinctly stated, so that it may be fully understood by the adverse party, the counsel, the jury, and the judges, and especially (as regards the declaration) that the defendant may be enabled to plead the judgment, which may be rendered in the cause in bar of any subsequent action for the same cause."—*Birmingham Ry., L. & P. Co. v. Nicholas,* 181 Ala. 498-499, 61 South. 361, 363.

(2, 3) If, as a matter of fact, Weinstein Bros. was a partnership composed of L. Weinstein and E. Weinstein, and it was the purpose of the plaintiff to sue so as to subject the individual property of the partners, as well as the firm property, the suit should be against L. Weinstein and E. Weinstein, partners in business trading under the name of Weinstein Bros., or against Weinstein Bros., a partnership composed of L. Weinstein and E. Weinstein, and the individuals composing the firm, L. Weinstein and E. Weinstein (*Baldridge, et al. v. Eason,* 99 Ala. 516, 13 South. 74; *Bolling & Son. v. Speller,* 96 Ala. 269, 11 South. 300), and when thus sued any evidence of debt by contract which would be admissible in a suit against the firm by the common name would be admissible (*Baldridge, et al. v. Eason, supra; Ladiga Sawmill Co. v. Smith,* 78 Ala. 108; *Shapard v. Lightfoot,* 56 Ala. 506).

(4, 6) The defendants, aside from the general issue, interposed several pleas setting up that there was no consideration for the execution of the note sued on, failure of consideration, breach of warranty as to the subject of the transaction in which the note was given and out of which the consideration for its execution

arose, alteration of the contract, etc.—defenses. appropriate to suit on a non-negotiable note.—*Tabor v. Peters,* 74 Ala. 90, 49 Am. Rep. 804; *Brown v. Freeman,* 79 Ala. 409. The second plea, in these words, "there was no consideration for the execution of the note described in said complaint," was in good form and stated a good defense to a note not protected by the law merchant.— *Kolsky v. Enslen,* 103 Ala. 97, 15 South. 558; *Giles v. Williams,* 3 Ala. 316, 37 Am. Dec. 692; *Cochran v. Burdick Bros.,* 7 Ala. App. 274, 61 South. 29. The court sustained the following, among other grounds of demurrer to this plea: "Each count of the complaint declares on a note governed by the commercial law and purchased by plaintiff in due course of business, before maturity, for a valuable consideration, without notice of any defense thereto, and the facts set forth in said plea are not available [as a] legal defense to said note."

Each count of the complaint declares on a note payable to the "American Manufacturing Company at Lexington, Tennessee." When a note is not made payable to a fictitious, or non-existing, person, which fact must be known to the person making it so payable, or when the payee does not purport to be the name of a person, or when the only or last indorsement is in blank, it is essential to its character as a negotiable instrument that it be made payable on its face to bearer, or to a named person or bearer, or to order of a named payee (Code of 1907, §§ 4958 [4], 4965, 4966), and "it is elementary, of course, that the indorsee of a negotiable promissory note who seeks protection as a bona fide purchaser against such defenses set up by the maker, in a suit on the note by the former against the latter, is required to plead it."—*German-American National Bank v. Lewis,* 9 Ala. App. 352, 63 South. 741. Otherwise stated, if the plaintiff desires to cut off the right of the

maker to plead such secret defenses, it must affirmatively appear from the averments of the complaint that the instrument sued on is one entitled to protection as a commercial paper. The better practice has been pointed out in the following cases: *German-American National Bank v. Lewis, supra; Slaughter v. First National Bank,* 109 Ala. 162, 19 South. 430; *Alabama National Bank v. Halsey,* 109 Ala. 208, 19 South. 522; *First National Bank v. Sproull,* 105 Ala. 280, 16 South. 879.

(7, 8) As we have shown the complaint does not affirmatively show that the note sued on is entitled to protection as a commercial paper, and the demurrer taking this point should have been overruled as to plea numbered 2, and while pleas 3, 4, and 5 may be demurrable, they were not subject to the objections pointed out by grounds 3, 4, 5, 6, and 9, and grounds 1, 2, 7, and 9½ were general demurrers and, for that reason, should have been overruled. The seventh plea does not set out the substance of the contract detached from the note, nor aver that a material alteration was made in the contract as executed, and the demurrers taking the point were properly sustained.

For the errors pointed out, let the judgment be reversed.

Reversed and remanded.