(130 So. 534)

**DAVIS v. LEE.**

**8 Div. 18.**

Court of Appeals of Alabama.

Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.

Eyster & Eyster, of Decatur, for appellant.

Wright & McAfee, of Decatur, for appellee.

BRICKEN, P. J.

Appellee filed suit in above court, said cause being styled in the summons and complaint as "J. E. Lee, Plaintiff v. John Davis and R. L. Ford, a partnership, doing business under the name of Davis & Company, defendants."

Count 1 seeks a recovery of the defendants for alleged conversion; count 2 seeks a recovery of the defendants for an alleged wrongful purchase of mortgaged cotton and cotton seed; count 3 claims damages of the defendant for the sum of $200 alleged to be due from him for money received by the defendant to the use of the plaintiff.

Service of summons and complaint is shown to have been made by the sheriff in the following language: "I have executed the within by leaving a copy of the same with John Davis, member of the partnership of Davis & Company. This 8th day of December, 1928, B. E. Davis, Sheriff, A. S. Brazelton, Deputy Sheriff." There was no service on anyone else other than John Davis, member of partnership of Davis & Co.

On November 13, 1929, judgment nil dicit was taken against the defendant John Davis, the cause having been abated as to R. L. Ford. No judgment was taken against Davis & Co. John Davis then, within the time, filed motion for new trial; the main point being taken in said motion was that John Davis, individually, was not a party to the cause. Motion for new trial was overruled. Evidence taken on motion for new trial shows that John Davis was not present on November 13, 1929, the date of the default judgment, and only one summons was served in the cause, and that was upon John Davis; said service being upon him "a member of the partnership of Davis & Company."

Appellant contends that he was never made a party defendant to this cause, and that the only suit pending was suit against the partnership, and that there never was any individual suit against him. This contention raises the only question involved in this case; that is to say, was or not John Davis, individually, a party to the cause, and the jurisdiction of the court to render a personal judgment against him. The assignments of error are in effect confined to this proposition.

Appellee's position is: That the complaint, as filed in this cause, made John Davis and R. L. Ford parties defendants individually, and that no suit or cause of action was filed against a partnership, and that the cause of action or case against R. L. Ford having been abated, the judgment was properly entered against John Davis. That the sheriff's return reciting, "I have executed the within by leaving a copy of the same with John Davis, member of the partnership of Davis & Company," shows that the sheriff served the summons and complaint on John Davis individually, and that the words "member of the partnership of Davis & Company" has no bearing on the capacity in which John Davis was served, and are merely descriptive.

As stated, the trial court held in line with the insistence of appellee that the service had was upon the individual as insisted by appellee. In this we are of the opinion the court was correct, and without elaboration or discussion refer to the following authorities, with quotations, as being in line with the conclusion here reached:

Weinstein et al. v. Citizens' Bank, 13 Ala. App. 552, 69 So. 972, 974. In this case the court said:

"If, as a matter of fact, Weinstein Bros. was a partnership composed of L. Weinstein and E. Weinstein, and it was the purpose of the plaintiff to sue so as to subject the individual property of the partners, as well as the firm property, the suit should be against L. Weinstein and E. Weinstein, partners in business trading under the name of Weinstein Bros."

In Compton et al. v. Smith, 120 Ala. 233, 25 So. 300, the court said:

"The complaint in the suit was by John W. Smith, the appellee, against the appellants, D. C. Compton and F. M. Compton, partners, doing business under the style of D. C. Compton & F. M. Compton. The summons follows the complaint, the notes sued on were signed by the defendants individually, and there is nothing on their face to indicate a partnership between them. This, as we have held, made it a suit against these parties as individuals and not against them as partners."

Appellee argues in the foregoing case the complaint was by John W. Smith v. D. C. Compton and F. M. Compton, partners doing business under the style of D. C. Compton and F. M. Compton. And that in the case before this court, the words "a partnership, doing business under the name of Davis & Company," is no more evidence or proof that the partnership was sued and not the individuals, than are the words "partners doing business under the style of D. C. Compton and F. M. Compton." We think this insistence is sound.

In the case of Dollins & Adams v. Pollock & Co., 89 Ala. 357, 7 So. 904, 905, the defendants were sued as follows: "O. R. & J. S. Price, partners under the style of 'Price Bros.'" There the court said:

"In suing out the process, * * * the defendants are described as 'O. R. & J. S. Price, partners, under the style of "Price Bros."' A judgment and execution following this description of the defendants would be a judgment and execution against the partnership, and against each individual member named in the process. Under such process the sheriff would be authorized to seize both partnership effects, and the individual property of the several members composing the firm."

In Blackman v. Moore-Handley Hdwe. Co., 106 Ala. 458, 17 So. 629, the summons was against G. W. Blackman and T. G. Blackman, Jr., a former partnership doing business under the firm name of Blackman & Son. The court held that these parties were sued individually.

See also Baldridge et al. v. Eason, 99 Ala. 518, 13 So. 74; Comer & Trapp v. Reid, 93 Ala. 391, 9 So. 620; Haralson v. Campbell, 63 Ala. 278; Yarbrough v. Bush, 69 Ala. 170; Watts v. Rice & Wilson, 75 Ala. 289; Shapard v. Lightfoot, 56 Ala. 506.

The ruling of the lower court, on the single point of decision involved, being in accord with the foregoing, was without error.

The judgment appealed from is affirmed.

Affirmed.