8 So.2d 446

## MAY v. DOTHAN BUICK CO.

### 4 Div. 691.

Court of Appeals of Alabama.
April 7, 1942.

Rehearing Denied April 21, 1942.

L. A. Farmer, of Dothan, for appellant.

Lawrence T. Oakley, of Dothan, for appellee.

BRICKEN, Presiding Judge.

The record upon this appeal shows that on February 25, 1941, C. H. May filed his suit against Dothan Buick Company, a corporation, in the court below.

Count 1 of the complaint claimed $1,250 as damages for the conversion by defendant of one Buick automobile, the property of plaintiff.

Count 2 of the complaint claimed the further sum of $1,250 as damages for the wrongful taking by the defendant of said Buick automobile.

On February 27, 1941, the said plaintiff amended his complaint by striking Dothan Buick Company, a corporation, as the sole party defendant, and inserting in lieu thereof J. M. Stallings and J. S. Stallings, partners doing business under the firm name of Dothan Buick Company, as parties defendant in said cause.

On March 20, 1941, J. F. Stallings filed his plea of nul tiel corporation, and on March 24, 1941, the defendants in said cause filed their motion praying the court to declare a discontinuance in said cause upon the ground that the amendment filed by the plaintiff on February 27, 1941, worked an entire change of parties.

On March 25, 1941, J. M. Stallings and J. F. Stallings separately and severally filed their motion to strike the amendment filed in said cause by the plaintiff on towit: February 27, 1941, and each and every count, part and paragraph thereof, separately and severally, upon the ground, among others, that said amendment worked an entire change of parties.

It appears from the judgment of the trial that the motion for a discontinuance of the suit was continued by the court on the 28th day of March 1941, and set down for oral hearing before the court in chambers on April 2, 1941. On said date the plaintiff and defendants appeared before the court by counsel and a hearing was had upon the said motion for a discontinuance, after which, on said date, the court took said motion for consideration and judgment thereon at a later date.

On April 5, 1941, the trial court rendered a judgment holding that the filing of the amendment by the plaintiff, in said cause, operated as a discontinuance of the suit, for the reason that there was an entire change of parties defendant made by said amendment, and it was thereupon ordered,

adjudged and decreed by the court that the above stated cause be, and the same was by said judgment discontinued and dismissed out of court, and the plaintiff taxed with the costs, all without prejudice to the plaintiff.

On April 5, 1941, the plaintiff filed his motion to set aside the above said judgment, dated April 5, 1941, and to reinstate and restore said cause to the trial docket, upon the grounds assigned in said motion, viz.:

(1) The court erred in its judgment in holding the filing of the amendment in said case operated as a discontinuance of the suit for the reason that said amendment made an entire change of the party defendant.

(2) That the court erred in dismissing said case out of court, without first giving leave to the plaintiff to further amend his complaint; and

(3) That the court erred in dismissing said suit without permitting the plaintiff to further amend his complaint.

On the 11th day of April, 1941, the trial court set said motion down for a hearing on the 19th day of April, 1941, at 10:00 o'clock A. M. and ordered that a copy of said motion be forthwith served upon the Attorney for the defendants in said cause.

On April 19, 1941, the parties plaintiff and defendant being before the court said parties submitted their testimony in behalf of and against said motion, which was thereupon heard and taken for consideration by the court at a later date.

On May 2, 1941, the trial court rendered the judgment upon plaintiff's motion to set aside the judgment of the trial court pronounced and entered on April 5, 1941, denying the plaintiff's said motion, to which said action of the court the plaintiff excepted.

On May 17, 1941, the said C. H. May took an appeal to this court and assigns, upon the record, as error, committed by the trial court, the following:

(1) The rendition of the judgment of the trial court dated April 5, 1941, holding that the filing of the amendment in said case in the court below operated as a discontinuance of the suit for the reason that said amendment made an entire change in the parties defendant.

(2) That the trial court erred in rendering its judgment, dated April 5, 1941, holding said suit had been discontinued, and

that the same be dismissed out of the trial court.

(3) That the trial court erred in dismissing said suit without leave to the plaintiff to further amend his complaint.

(4) That the trial court erred in rendering its judgment dated May 2, 1941, denying the motion of the plaintiff to set aside the judgment of the trial court, dated April 5, 1941, and to reinstate and restore said case to the trial docket of said court.

This appeal presents only one question, and that is, did the amendment striking the Dothan Buick Company, a corporation, the sole party defendant, from the complaint, and inserting, in lieu thereof, J. M. Stallings and J. F. Stallings, partners doing business under the firm name of Dothan Buick Company, as parties defendant, make an entire change of the party defendant in said case?

 It is the opinion and judgment of this court that said amendment did make an entire change of party defendant. This conclusion we think is inescapable under the construction of the Statute of amendments from which our present Statute is derived, viz., Title 7, Sec. 239, Code of Alabama, placed by the Supreme Court in the case of Vinegar Bend Lumber Co. v. Chicago Title & Trust Co., 131 Ala. 411, 30 So. 776, 777, in which was said that the Statute "was not intended to go to the extent of making a total change of parties, either of plaintiffs or defendants." In said cited case, the original plaintiff was Charles Munson Belting Company, a corporation, duly incorporated under the laws of Illinois, and the change effected by the amendment in that case was to strike out that party plaintiff and insert as plaintiff in its stead The Chicago Title & Trust Company as assignee of the Charles Munson Belting Company. The court held that there was an entire change of party plaintiff in striking out the original plaintiff, not averred to have any connection whatever with the new and substituted plaintiff, and making another and distinct party the plaintiff.

The court further held that when the sole plaintiff was stricken out, no one was left to add to by amendment and thus, said the court, "the entire action was discharged. When all the plaintiffs are stricken, or the sole one is, the case is at an end." The court further held that the motion to discontinue the case after the amendment, should have been granted.

Said case has been cited time and again by our Supreme Court with approval and by this construction, as well as that reached by this court in the case of Deason v. Alpine Coal Co., 22 Ala.App. 254, 114 So. 423, and the further construction of our Supreme Court in the case of Steiner Bros. v. Stewart, 134 Ala. 568, 33 So. 343.

This record does not show that after the motion to discontinue was filed, the plaintiff offered to further amend the complaint. Plaintiff should not now be heard to complain because the trial court refused to set aside a judgment properly rendered by said court, and restore the case to the docket.

It is the opinion and judgment of this court that the judgments appealed from should be and the same are hereby affirmed.

Affirmed.